EDDIE RUSH v. STATE OF ARKANSAS

5726                                          481 S.W. 2d 696

Opinion delivered June 12, 1972
[Rehearing denied July 17, 1972.]

*Wommack & Lineberger,* by: *Erwin L. Davis,* for appellant.

*Ray Thornton,* Atty. Gen., by: *John D. Bridgforth,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant was found guilty of assault with intent to kill. When the prosecuting witness completed her direct examination she was asked if she had made a statement to police officers and she answered in the affirmative. Thereupon counsel for appellant asked that the prosecuting attorney furnish appellant's counsel with a copy of the statement. The request was refused and appellant contends the State, in failing to comply with Ark. Stat. Ann. § 43-2011.3 (Supp. 1971), committed reversible error.

The statute to which we refer comes from Acts 1971 Act 381. The section is identical with 18 U.S.C.A. § 3500

and is known as the "Jencks Act." It was enacted after the decision in *Jencks* v. *United States,* 353 U.S. 657 (1957). Succinctly stated, § 43-2011.3 (a) and (b) provide that when a witness called by the State has testified on direct examination the State, on motion of the defendant, shall produce any statement of the witness in possession of the State which relates to the subject matter to which the witness had testified.

When Miss Andrea Jones, the prosecuting witness, completed her direct examination she was asked by appellant's counsel if she had given a statement to the prosecution. It developed that she had made a statement to Officer Hutchens at the hospital the morning following the stabbing. The prosecuting attorney replied that he did not have the statement and would have to check with the officers. The trial court interjected that appellant's counsel could ask the policemen about it when he took the witness stand. Appellant's counsel noted his objections to the ruling of the court and specifically cited § 43-2011.3.

The Court of Appeals, District of Columbia, was faced with a very similar fact situation in the case of *Leach* v. *U.S.,* 320 F. 2d 670 (1963). In a robbery prosecution, after direct examination of a witness called by the government, defendant moved for production of witness's statement made to police. The prosecutor indicated that he did not have the statement. Thereupon the court instructed defense counsel that he could ask the policeman for the statement when "he takes the stand." The Court of Appeals said that was error; that it was the duty of the trial court to conduct any inquiry which was necessary to aid the court to discharge its responsibility under § 3500; and that it was error to require the defense counsel to proceed with cross-examination without the statement. However, the court made this statement: "We find the error here to be harmless. When the policeman took the stand, the entire police file was produced and made available to defense counsel. After counsel read the file, the matter of the statement was not pursued."

The same occurrence took place in the case at bar. Officer Hutchens followed Miss Jones on the witness

stand. He produced Miss Jones's statement at the request of defense counsel. Later, Miss Jones was recalled to the stand and she was not examined relative to the statement. On the strength of the decision in *Leach* we find the error to be harmless.

Affirmed.