David Lynn MULLINS *v.* STATE of Arkansas

CR 79-35                                         580 S.W. 2d 941

Opinion delivered May 21, 1979
(Division I)

*Jack Holt, Jr.* and *Deborah Davies Cross,* for appellant (on appeal only).

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. David Lynn Mullins was convicted of delivery of cocaine in violation of Ark. Stat. Ann. § 82-2617, as amended, and sentenced to 5 years imprisonment.

On appeal he raises two issues, both related to the defense of entrapment. We find no error and affirm his conviction.

The State called two witnesses to prove its case, an undercover narcotics officer with the North Little Rock Police Department, Rick Finley, and a chemist. Finley testified he bought some cocaine from Mullins and paid him $100.00. The chemist estimated the cocaine weighed about 1/2 gram.

Mullins' defense was entrapment, that is, he was unlawfully induced to commit the offense by Beverly Wigginton, a "confidential informant" of the North Little Rock Police Department.

Mullins called four witnesses in his defense, Ms. Wigginton, Carol Brewer, who lived with Mullins, his employment supervisor as a character witness, and himself.

Ms. Wigginton was arrested for selling heroin and cocaine to Officer Finley in April, 1977. Finley used her as a confidential informant to make drug "buys." She had made "buys" resulting in six or seven arrests. Both Finley and Wigginton denied she was promised anything or paid anything except nominal expenses. Both testified she did expect to receive consideration in her case for her activities. According to her, the police had recommended to the prosecuting attorney that she receive a suspended sentence and a fine. Her case, a year and a half old, had not come to trial when she testified.

She and Mullins had known each other since high school. She said Rick Davis, an acquaintance, had told her Mullins had cocaine. They went to Mullins' home in September, 1977, and she inquired of the possibilities of getting some cocaine for a friend. Mullins replied he had none but might have some the next week.

Later, she said she called Mullins "twice at most" trying to buy some cocaine. She left her phone number and later Mullins called her. She went to his home with Officer Finley. Finley had testified that he went to Mullins' home with Wigginton, and Mullins sold him what was supposed to be a gram of cocaine for $100.00.

Mullins admitted he had known Ms. Wigginton since high school and had, in fact, purchased marijuana from her husband. He admitted he had sold drugs only once (crystal methamphetamines) to a policeman in 1972. He admitted he had purchased cocaine every month or so, perhaps 10 times, from a man named Brad, who lives in southwest Little Rock. However, he denied ever selling drugs except in the one instance.

He recalled Wigginton's visit to his home with Rick Davis. Several days later, he said, Wigginton called him trying to buy some cocaine and he put her off. He said she called him five or six times and he told her he wouldn't, and in one

instance couldn't, sell her any. Finally, as a favor and to "get her off my back" he agreed to sell her some he acquired for his own use, at his cost. He said he called Wigginton informing her he had some.

Mullins testified that Wigginton came to his home with a man he did not recognize. They went into his kitchen, talked about it and he delivered some cocaine to the man and the man paid him $100.00. He said the man asked about getting some more later, and Mullins said, ". . . I told him I didn't think I could, that maybe later on, I didn't know if I could or not. Just have to wait and see." Mullins said the man was not Finley, the undercover officer who testified for the State. Also, he said both the man and Wigginton snorted the drug in his kitchen. This was all denied by Finley and Wigginton.

Carol Brewer corroborated Mullins' testimony.

Entrapment is a defense authorized by Ark. Stat, Ann. § 41-209 (Repl. 1977), which reads:

Entrapment. — (1) It is an affirmative defense that the defendant was entrapped into committing an offense.

(2) Entrapment occurs when a law enforcement officer or any person acting in cooperation with him, induces the commission of an offense by using persuasion or other means likely to cause normally law-abiding persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

In determining whether entrapment exists, the primary focus is upon the conduct of the law enforcement officer or person acting in cooperation with him. *Spears v. State,* 264 Ark. 83, 568 S.W. 2d 492 (1978). See also, Commentary to Ark. Stat. Ann. § 41-209.

Mullins argues that entrapment existed as a matter of law and the trial court should have directed a verdict of acquittal. We disagree. It was a fact question which the trial

court properly submitted to the jury. *Campbell* v. *State*, 265 Ark. 77, 576 S.W. 2d 938 (1979).

There was testimony, if believed, which would indicate that Mullins was not unlawfully induced to make the delivery. Wigginton said she only called twice. Mullins said she called five or six times. Both testified Mullins called her and said he had some cocaine. The weight and the credibility of that testimony was for the jury to determine, not us. *Lunon* v. *State*, 264 Ark. 188, 569 S.W. 2d 663 (1978).

Mullins' conduct in delivering cocaine to a total stranger, and taking from him $100.00, is not consistent with his story he did it only to get Ms. Wigginton "off his back."

On appeal we do not disturb a jury verdict if it is supported by substantial evidence. *Williams* v. *State*, 257 Ark. 8, 513 S.W. 2d 793 (1974). There is substantial evidence to support the jury's findings.

Other arguments raised on appeal relate to the court's instructions. There were no objections made to the court's instructions by Mullins, nor did he offer any. We do not consider issues raised for the first time on appeal. *Golden* v. *State*, 265 Ark. 99, 576 S.W. 2d 955 (1979).

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and BYRD, JJ.