Raymond WRATHER *v.* STATE of Arkansas

CA CR 80-78

613 S.W. 2d 601

Court of Appeals of Arkansas
Opinion delivered April 8, 1981

*E. Alvin Schay*, State Appellate Defender, by: *Jackson Jones*, Deputy Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Leslie M. Powell*, Asst. Atty. Gen., for appellee.

Lawson Cloninger, Judge. In this appeal from a conviction for Theft of Property, a felony, the sole issue is whether the evidence is sufficient to support a conviction. The defendant-appellant, Raymond L. Wrather, was found guilty by the trial court, sitting without a jury, and sentenced to the Arkansas Department of Correction for a term of five years.

We find there is substantial evidence to support the finding of the trial court, and we affirm.

Appellant was charged with Theft of Property in violation of Ark. Stat. Ann. § 41-2203 (Repl. 1977), which provides:

> (1) A person commits theft of property if he:
> (a) knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of interest in, the property of another person, with the purpose of depriving the true owner thereof ...

Viewing the testimony in the light most favorable to the state, as we must do, the evidence indicates that on September 5, 1978, appellant leased furniture valued at $1,120.-00 from Arkansas Furniture Rental, Inc., for a period of six months, at a monthly rental of $62.50. The furniture was not to be removed from the address given by appellant without the written permission of the lessor. The last payment by appellant was for the month of January, 1979, and in February, 1979, appellant moved, taking the furniture with him. When no further payments were made, the lessor called appellant's brother and place of employment in an effort to locate appellant, but was unsuccessful. When appellant failed to return the lessor's calls, a warrant was obtained for appellant's arrest in June of 1979. The lessor did not know where his furniture was, and he was not contacted by appellant or anyone on his behalf until after the warrant of arrest was issued.

An important aspect of this case is the credibility of the witnesses, and the trial judge had the right to accept such portions of testimony as he believed to be true and reject those he believed to be false. *Core v. State*, 265 Ark. 409, 578 S.W. 2d 581 (1979). The trial court may well have believed that appellant in the instant case made no effort to contact the lessor of the property, or that he made no effort to return the furniture.

The element of intent was established by circumstantial evidence at the trial, but the fact that evidence is circumstantial does not render it insubstantial. *Williams v. State*, 258 Ark. 207, 523 S.W. 2d 377 (1975). The Court in *Chaviers v. State*, 267 Ark. 6, 588 S.W. 2d 434 (1979) upheld a theft of property conviction which involved consideration of the clauses "exercises unauthorized control" and "purpose of depriving the owner thereof." In commenting on the element of intent, the Court stated:

> By the nature of things, one's intent or purposes being a state of mind, can seldom be positively known to others, so it ordinarily cannot be shown by direct evidence, but may be inferred from the facts and circumstances shown in evidence.

In this case, there was substantial evidence from which the trial court could infer the intent to deprive the owner of its property.

Appellant urges on this appeal that the appropriate statute for the offense alleged is Ark. Stat. Ann. § 41-2209 (Repl. 1977), which deals specifically with the theft of leased personal property. The point must be rejected, because there was no objection in the trial court to support it. Appellant may have deliberately chosen not to object in the trial court, but in any event, he cannot raise it for the first time on this appeal. *Wicks v. State*, 270 Ark. 781, 606 S.W. 2d 366 (1980).

Affirmed.

GLAZE and CORBIN, JJ., concur.

TOM GLAZE, Judge, concurring. I agree that the majority is legally correct in affirming the trial court's conviction judgment. I am just not sure we are "right" in the result. For instance, one problem that concerns me is the issue we are unable to consider on appeal because of appellant's failure to object and raise the issue below. On appeal and through different counsel, appellant argues that he was charged under the wrong statute, *viz.*, Ark. Stat. Ann. § 41-2203 (Repl. 1977) rather than the more specific provision of § 41-2209 (Repl. 1977), which covers the same subject matter. If appellant is correct, he would have been availed of certain important affirmative defenses not available to him under § 41-2203. For example, § 41-2209 provides that personal, ten day notice must be given the lessee of personal property, and if proper notice is not given, the lessee charged under § 41-2209 may raise the lack of notice as a defense. The State, of course, contends on appeal that our Supreme Court's holding in *Wicks* v. *State*, 270 Ark. 781, 606 S.W. 2d 366 (1980) prevents our review of this issue because it was not raised or argued at trial and does not fall within one of the four exceptions which permits review under limited circumstances noted in *Wicks*. Moreover, the State also contends that § 41-2209 does not apply to the facts at bar in any event because this provision is applicable only where a lessee without authorization holds property after the lease expires, not when a lessee merely is in default. If this is true, then a narrow distinction, indeed, prevents a defendant lessee from taking advantage of some rather meaningful affirmative defenses. Whether the State is correct in its contention that § 41-2209 is inapplicable here is of no moment since the State is correct that the holding in *Wicks* does not allow us to decide this issue even though a substantial right of appellant's is involved. On the contrary, review would have been possible if our Supreme Court had adopted the "plain error" rule long recognized and applied by our federal courts. This case serves as a prime example why the standard of review should be the same in both the federal and state courts.

One other concern I have regarding this case is the five year maximum sentence imposed by the special trial judge in light of the facts and circumstances described in the record before us. This court, however, is not at liberty to reduce a

sentence within statutory limits even though we might think it unduly harsh. *Abbott* v. *State*, 256 Ark. 558, 508 S.W. 2d 733, 736 (1974). The rule enunciated in *Abbott* which limits appellate review of sentences is based on sound reason and avoids permitting the reviewing court from exercising powers similar to the clemency powers vested in the executive branch of the government. Thus, any diminution of sentence at this point lies solely within the sound discretion of the trial judge, a fact that I would feel remiss in not at least mentioning.

Although the foregoing matters give me great concern, our appellate role is well defined and delineated. Therefore, I agree with the majority on the issues reached and decided, and for that reason conclude the trial court's judgment should be affirmed.

I am authorized to state that Judge Corbin joins in this concurring opinion.