Timothy W. LUCAS *v.* STATE of Arkansas

CA CR 81-111 634 S.W.2d 145

Court of Appeals of Arkansas
Opinion delivered June 9, 1982

*Herdlinger, Jacoway & Stanley, P.A.,* by: *Thurston A. Thompson,* for appellant.

*Steve Clark,* Atty. Gen., by: *Arnold M. Jochums,* Asst. Atty. Gen., for appellee.

MELVIN MAYFIELD, Chief Judge. Appellant was charged and convicted under Ark. Stat. Ann. § 41-2804 (Repl. 1977) which makes it a violation to knowingly employ, or threaten to employ, physical force against a law enforcement officer engaged in performing his official duties. The sentence was a year in county jail and a $1000.00 fine.

It is contended on appeal that the trial court erred in refusing to instruct the jury on justification for the use of physical force in defense of another person. We agree that the instruction should have been given.

The evidence reveals that law enforcement authorities learned that during a Labor Day Picnic or "hoedown" to be held September 1, 1979, on private property in rural Benton County, the organizers were planning to sell alcoholic beverage in violation of the law. The party was raided, a quantity of beer was confiscated, the musicians were ordered to quit playing, and several of the promoters and invitees were arrested.

As could be predicted, some of the several hundred young people who had gathered to participate in the activities became upset. Fights broke out and one officer of the sheriff's department, Dean Pennington, observed a young man by the name of Robert Bellamy on the back of another officer. Pennington went to the assistance of the other officer and there was testimony that Bellamy resisted arrest and that Pennington struck him with his flashlight two times, knocking him to the ground with the second

blow. The appellant said he saw what happened to Bellamy and that Bellamy did not strike or offer to strike the officer; that he didn't know whether Bellamy was going to get up or not so he went over to the officer, pointed out the gash in Bellamy's head, and asked for the officer's name and badge number; and another witness said Bellamy was crying and saying the handcuffs were too tight and that appellant asked the officer to loosen them. But there was other testimony that the appellant was pushing Officer Pennington and trying to free Bellamy and yelling at the officer to let Bellamy go, and that Officer Ron Cruse came to Pennington's assistance and they placed appellant under arrest.

The appellant requested Arkansas Model Criminal Instruction 4104 as follows:

Tim Lucas asserts as a defense to the charge of interference with a law enforcement officer that he was defending Robert Bellamy. This is a defense only if:

First: Tim Lucas reasonably believed that Dean Pennington or Ron Cruse was using or about to use unlawful physical force upon Robert Bellamy; and

Second: Tim Lucas only used such force as he reasonably believed to be necessary.

Tim Lucas would not have been justified in using physical force upon another if

(a) with the purpose to cause physical injury or death to Pennington or Cruse defendant provoked the use of unlawful physical force or

(b) he was the initial aggressor.

However, if you find that Tim Lucas withdrew from the encounter and effectively communicated to the other person his intention to withdraw, then the defendant was no longer the initial aggressor when the other person continued or threatened to continue the use of unlawful physical force.

Tim Lucas, in asserting this defense, is required only to raise a reasonable doubt in your minds. Consequently, if you believe that this defense has been shown to exist, or if the evidence leaves you with a reasonable doubt as to his guilt of interference with a law enforcement officer, then you must find him not guilty.

The instruction was refused by the court and the defendant properly made his objection to the court's action in that regard. It is his argument here that the instruction should have been given because there was evidence from which the jury could have found that he reasonably believed the officers were using excessive force in their arrest of his friend Bellamy.

In *Barnes* v. *State,* 4 Ark. App. 84, 627 S.W.2d 552 (1982), we held that Ark. Stat. Ann. § 41-512 (Repl. 1977) which prohibits the use of force to resist arrest by a law enforcement officer does not deprive one of the defense of justification if the officer uses excessive force in making the arrest. We agree with the appellant's statement that "the distinction is between the illegality of the use of force to resist arrest and the legality of defending oneself or another from excessive force used to carry out the arrest."

The State argues that the evidence does not support the giving of appellant's requested instructon and says "since the appellant testified under oath that he did not touch the officer, he certainly is not entitled to an instruction that his touching may have been justified under the law." But in *Cooper* v. *State,* 86 Ark. 30, 109 S.W. 1023 (1908), the court said:

The jury is not bound to accept all of a witness' testimony, or all of the theory of the State or of the defendant, but may find the truth to lie partly on one side and partly upon the other. When such is the case, it is right and proper for the court to submit an instruction covering the phase of the evidence which may be fairly deduced, partly from one side and partly from the other.

There was testimony from which the jury might have found that appellant reasonably believed the law enforcement officers were using, or about to use, excessive physical force upon Bellamy. Under Ark. Stat. Ann. § 41-506 (Repl. 1977), use of the degree of force reasonably believed necessary to defend another person would be justified under those conditions.

In *Hill* v. *State*, 253 Ark. 512, 520, 487 S.W.2d 624 (1972), the court said that "instructions must fully and fairly declare the law applicable to any defense as to which the defendant has offered sufficient evidence to raise a question of fact." We think AMCI 4104, requested by appellant, should have been given. We do not suggest, however, that it would not have been proper to modify that instruction to explain more fully the distinction between the illegality of resisting arrest or interfering with an officer who is making an arrest and the legality of defending against excessive force used to carry out the arrest.

Reversed and remanded.

COOPER and CLONINGER, JJ., dissent.