Russell SWEAT and Richard "Bud" SWEAT
*v.* STATE of Arkansas

CA CR 81-164                     635 S.W.2d 296

Court of Appeals of Arkansas
Opinion delivered June 30, 1982

*Paul Johnson* and *William H. Craig*, for appellants.

*Steve Clark*, Atty. Gen., by: *William C. Mann, III*, Asst. Atty. Gen., for appellee.

LAWSON CLONINGER, Judge. Appellants, Russell Sweat and Richard "Bud" Sweat, were charged by amended information with conspiracy to possess a controlled substance, marijuana, with intent to deliver in violation of Ark. Stat. Ann. § 41-707 (Repl. 1977). After trial, the jury returned a verdict of guilty and they were sentenced to five years imprisonment and a fine of $10,000 for each appellant. Appellants now bring this appeal.

Their first point for reversal is that the trial court erred in refusing to allow evidence of video tapes and audio recordings of conversations of Jimmy Snow with two officers to be presented to the jury. In the winter of 1979-80, Arkansas State Police Officers Earl Rife and John Chappell went to Blytheville to investigate illegal gambling activities. They established an undercover operation there and assumed false identities as barge operators. During the course of the investigation, the officers requested one Jimmy Snow to contact Russell and Bud Sweat for the purpose of selling marijuana. There were several conversations between Jimmy Snow and the officers at their apartment, and these conversations were recorded. At trial, the state introduced by way of exhibits numerous recorded telephone conversations and video tapes of meetings between the Sweats and Officer John Chappell. Counsel for appellants attempted to introduce evidence of various recorded telephone conversations and video tapes of the police officers and Mr. Snow on the defense of entrapment. The trial judge refused to admit the evidence proffered by the defense on the basis that the conversations were hearsay and therefore, inadmissible. Furthermore the trial judge, pursuant to Rule 611 of the Uniform Rules of Evidence, stated that the playing of the tapes would be a needless consumption of time and would serve to humiliate Mr. Jimmy Snow.

Uniform Rules of Evidence, Rule 801 (d) (2) states:

A statement is not hearsay if . . . the statement is offered against a party and is . . . a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy.

Statements of a co-conspirator made during a transaction are admissible under this rule. See *Foxworth* v. *State*, 263 Ark. 549, 566 S.W.2d 151 (1978); *Bosnick* v. *State*, 248 Ark. 846, 454 S.W.2d 311 (1970). A person is guilty of conspiracy with another person or persons to commit a crime if with the purpose of promoting or facilitating its commission he: (a) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or (b) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime. See Black's Law Dictionary; see also Model Penal Code § 5.03.

In the instant case, all of the evidence indicates that Jimmy Snow had no knowledge that Rife and Chappell were police officers and that he willingly participated in the scheme to sell marijuana to the Sweats. He assisted in introducing the officers to the Sweats and in maintaining communications between them. We hold that Jimmy Snow comes within the definition of a co-conspirator, and therefore his statements are an exception to the hearsay rule. Rule 801 (d) (2); *Foxworth* v. *State, supra.*

The question remains whether the tapes of Snow's conversation with the officers are relevant to the issue of entrapment. Entrapment exists where the criminal designs originate not with the accused, but with the officers of the law, and the accused is lured into the commission of an unlawful act by persuasion, deceitful representation or inducement by the officers. See *Sorrells* v. *United States*, 287 U.S. 435 (1932); *Peters* v. *State*, 248 Ark. 134, 450 S.W.2d 276 (1970). Any evidence having any tendency to make the existence of entrapment more probable is admissible, and the accused should be allowed a reasonable latitude in presenting whatever facts and circumstances he claims constitute an entrapment, subject to ordinary rules of admissibility. Rule 401, Uniform Rules of Evidence [Ark. Stat. Ann. § 28-1001 (Repl. 1979)]; *Spears* v. *State*, 264 Ark. 83, 568 S.W.2d 492 (1978). In *Rhoades & Emmerling* v. *State*, 270 Ark. 962, 607 S.W.2d 76 (Ark. App. 1980) this court held that evidence did not support the defense of entrapment

where the initial inducement to commit the offense charged did not come from government authorities. In the instant case, there was evidence to suggest that the initial inducement to commit the offense charged did come from the police officers. Furthermore, conversations which the officers had with Jimmy Snow indicate that the officers used Mr. Snow as a "go-between" with the appellants. It is true that much of the material which is included in the tapes is irrelevant on the issue of entrapment. However, some of the statements made are material and as was stated earlier, any evidence having any tendency to make the existence of entrapment more probable is admissible. *Spears* v. *State, supra.* Therefore, we hold that it was error for the trial judge to refuse to allow the video tapes and the audio recordings into evidence.

Appellants' second point is that the trial court erred in refusing to permit into evidence certain material which appellants allege was relevant to the defense of entrapment. Specifically, appellants allege that the trial judge erred in refusing to allow into evidence the information, amended information, arrest warrants and memoranda from the police case file regarding a meeting in Little Rock of officers from various police agencies and the United States Attorney's Office. Appellants argue that these materials were essential to their defense of entrapment. Appellants allegedly sought to show that the crime itself was conceived by the officers. Appellants wanted to show that the information had been filed and warrants had been issued prior to the existence of any conspiracy. As was stated earlier, any evidence having any tendency to make the existence of entrapment more probable should be admitted into evidence. *Spears* v. *State, supra.* We hold that the information, amended information and arrest warrants were also relevant to the issue of entrapment and, therefore, it was an abuse of discretion for the trial judge to refuse to admit them. We have no basis of determining the admissibility or relevancy of the police memoranda, since these materials are not in the record.

Appellants' third point for reversal is that the trial court erred in denying appellants' motion to suppress statements

elicited from them after the felony information was filed and the arrest warrants issued. Subsequent to the filing of the felony information and the issuance of the arrest warrants, but prior to the actual arrest of appellants, one of the officers elicited statements from each of the appellants at his apartment. First of all, appellants argue that Officer Chappell's conduct from the filing of the original felony information and the issuance of the arrest warrants constituted entrapment as a matter of law. However, we find that the evidence in the record merely provided a fact question as to whether entrapment was available as a defense and this is not sufficient to suppress statements made by appellants. See *Peters v. State, supra.*

Secondly, in support of this point, appellants argue that their constitutional rights were violated in that all statements were made without counsel present and without adequate warning of their rights, citing *Massiah v. United States*, 377 U.S. 201 (1964); *Escobedo v. Illinois*, 378 U.S. 478 (1964). First of all, we note that one is not entitled to notification of his rights when the person has not been arrested or deprived of his freedom in any significant way. *Miranda v. Arizona*, 384 U.S. 436 (1966); *Parker v. State*, 258 Ark. 880, 529 S.W.2d 860 (1975). Since no interrogation of appellants took place and they were not coerced or tricked into saying anything against their will, it was not error for the trial judge to refuse to suppress appellants' statements. See *Hoffa v. United States*, 385 U.S. 293 (1966).

Appellants' final point for reversal is that the evidence was insufficient to support the verdict. We have reversed and remanded this case for a new trial because certain evidence was excluded improperly by the trial judge. Improper exclusion of evidence is a trial error. See *Burks v. United States*, 437 U.S. 1 (1978). We will not review the sufficiency of the evidence question until all relevant evidence has been admitted. See *Vowell v. State*, 4 Ark. App. 175, 628 S.W.2d 599 (1982), *rev'd on other grounds, State v. Vowell*, 276 Ark. 258, 634 S.W.2d 118 (1982); see also *United States v. Harmon*, 632 F.2d 812 (9th Cir. 1980).

Reversed and remanded for a new trial.