Herman PICKENS *v.* STATE of Arkansas

CA CR 82-27                                    638 S.W.2d 682

Court of Appeals of Arkansas
Opinion delivered September 1, 1982
[Rehearing denied September 29, 1982.]

*William C. McArthur*, for appellant.

*Steve Clark*, Atty. Gen., by: *William C. Mann, III*, Asst. Atty. Gen., for appellee.

JAMES R. COOPER, Judge. Appellant was charged with aggravated robbery in violation of Ark. Stat. Ann. § 41-2102 (Supp. 1981). After a trial by jury, he was found guilty and sentenced to twenty-five years in the Arkansas Department of Corrections. From that decision, comes this appeal.

Appellant raises four grounds for reversal.

## THE GRANTING OF A CONTINUANCE

The record reflects that the appellant initially appeared for plea and arraignment without an attorney on February 3, 1981. Arraignment was rescheduled for March 3, 1981; appellant was found to be indigent; and Mr. Robinson, a local attorney, was appointed to represent him. Trial was scheduled for June 29, 1981. On April 13, 1981, Mr. Robinson filed a motion to be relieved because appellant had retained an attorney. Mr. Robinson was relieved as counsel and Mr. Moorehead was substituted. On June 11, 1981, Mr. Moorehead, the retained attorney, filed a motion for a continuance from the June 29, 1981, trial date. That motion was granted and trial was rescheduled for August 12, 1981.

On August 11, 1981, Mr. Moorehead filed a motion to be relieved as counsel for appellant. The motion alleged that irreconcilable differences had arisen between Mr. Moorehead and his client, and that he could not adequately represent him. The motion further indicated that appellant

wished to have other counsel. The trial court, on the day of trial, heard arguments from counsel and from appellant, and denied the motion. Appellant was given the choice of proceeding to trial with Mr. Moorehead's services or representing himself. Appellant admitted that he had only contacted one other attorney and had not retained that attorney. Appellant indicated that he had been somewhat dissatisfied with Mr. Moorehead's services for approximately two weeks prior to trial but had not retained other counsel, nor had he contacted any attorneys until the week of trial.

Had the trial court granted the appellant's motion for a change of counsel, that would have necessitated the granting of a continuance for the new attorney to have adequately prepared for trial. Therefore, the motion for a change of counsel is viewed as a motion for a continuance. *Leggins* v. *State,* 271 Ark. 616, 609 S.W.2d 76 (1980).

The question of whether a continuance should have been granted is within the discretion of the trial court and the burden is on the appellant to show that there has been an abuse of discretion. *Thorne* v. *State,* 269 Ark. 556, 601 S.W.2d 886 (1980); *Leggins* v. *State, supra.*

In *Leggins, supra,* the Arkansas Supreme Court dealt with a situation similar to the case at bar and said:

> If such a change [of counsel] would require the postponement of trial because of inadequate time for a new attorney to properly prepare a defendant's case, in denying or granting the change, the court may consider such factors as the reasons for the change, whether other counsel has already been identified, whether the defendant has acted diligently in seeking the change, and whether the denial is likely to result in any prejudice to defendant.

The Court went on to say:

> In the instant case, the appellant neither provided a material reason for his requested change of attorneys,

nor identified an attorney who would proceed to trial with him. He was dilatory in making the motion and identified no prejudice to his case from a failure to grant the motion.

We find the language from *Leggins* appropriate in this case, since essentially the same factors are present in the case at bar as were present in *Leggins*. Accordingly, we find no merit to appellant's argument that the court erred in failing to grant a continuance so that he could obtain other counsel.

## THE NUMBER OF PEREMPTORY CHALLENGES

Appellant alleges that he was entitled to twelve peremptory challenges, and that the trial court erred in limiting him to eight. Act 115 of 1981 amended Ark. Stat. Ann. § 43-1922 (Repl. 1977), and after the amendment twelve peremptory challenges are allowed only in cases involving prosecutions for capital murder. Appellant was tried after the effective date of the amendment, but the crime was committed at a time when the statute in question allowed twelve peremptory challenges for cases involving prosecutions for offenses punishable by death or life imprisonment. Essentially, appellant is arguing that the statute in question is substantive law rather than procedural law and that his rights have been violated by the failure of the trial court to apply the statute in effect at the time of the alleged commission of the crime.

In *Cassell* v. *State*, 273 Ark. 59, 616 S.W.2d 485 (1981), the Arkansas Supreme Court dealt with the argument that a former statute requiring an incarcerated defendant to be tried within two terms of court laid down a rule of substantive law which the court could not supersede by a rule of procedure permitting a longer delay. In *Cassell, supra*, the court stated:

In criminal matters substantive law declares what acts are crimes and prescribes the punishment; procedural law provides or regulates the steps by which one who violates a criminal statute is punished.

In *Duncan* v. *State*, 260 Ark. 491, 541 S.W.2d 926 (1976), the Arkansas Supreme Court said:

> At the retrial the newly adopted Uniform Rules of Evidence will be in force, because new procedural statutes ordinarily apply to pending cases.

Consequently, we hold that the 1981 amendment to the statute in question affected procedural rather than substantive law, and that the trial court did not err in failing to grant appellant's request for additional peremptory challenges.

## THE LIMITATION OF CROSS-EXAMINATION

Appellant argues that, on several occasions, the trial court erred in sustaining objections to appellant's cross-examination of various witnesses. Neither the questions, answers, objections, nor rulings are abstracted and thus, from this record, we are unable to determine whether counsel was unduly limited. However, taking appellant's arguments at face value and viewing them in light of the fact that the trial court has considerable latitude of discretion in determining the scope of proper cross-examination, we find no abuse of discretion exercised by the court in limiting cross-examination as was done in this case. *Shepherd* v. *State*, 270 Ark. 457, 605 S.W.2d 414 (1980).

## THE SUFFICIENCY OF THE EVIDENCE

The victim testified that, as he left his home going toward his armored car, an individual pulled a gun on him and demanded his keys. After a scuffle with that individual, and another man who came on the scene, one of the individuals shot him and ran away. The victim fired at one of the individuals four times. The victim could not identify his assailants. Another witness observed an individual running away from the scene, but she could not identify him. Another witness identified appellant's co-defendant as being a person who was near the premises at approximately the time the crime occurred. She observed the two men walking toward the apartment building, coming back,

walking away from the apartment building toward the area of the victim's house, and then running back toward the apartments. Upon observing a police car approaching, she notified the police of their suspicious activity. The suspects were located in the vicinity and were arrested.

A Pine Bluff police officer collected various bits of physical evidence found in the victim's carport along with a ski mask and a .32 caliber automatic pistol. Another officer found two pairs of green coveralls, a patch of blue cloth, and a pair of brown jersey gloves. Other items of physical evidence were located and all of these items were delivered to Berwin Monroe, evidence analyst for the State Crime Laboratory. His testimony indicated that the items found were consistent with having been possessed by the defendants in the area in which they were seen. The appellant's shirt was also analyzed and fibers matching it were found within one of the pairs of coveralls. The coveralls were thus connected with the appellant, as well as the crime scene, since vegetation found on the coveralls was consistent with that located in the area where the attempted robbery took place.

In criminal cases, we affirm where there is substantial evidence to support the verdict. *Lunon* v. *State*, 264 Ark. 188, 569 S.W.2d 663 (1978); *Pope* v. *State*, 262 Ark. 476, 557 S.W.2d 887 (1977). In determining whether the evidence is substantial, we review the evidence in the light most favorable to the appellee. *Pope* v. *State, supra.* Substantial evidence has been defined as evidence which is

> of sufficient force and character that it will with reasonable and material certainty and precision, compel a conclusion one way or the other. It must force or induce the mind to pass beyond a suspicion or conjecture. *Jones* v. *State,* 269 Ark. 119, 598 S.W.2d 748 (1980).

Although the evidence is circumstantial, it is not insufficient. Circumstantial evidence must be consistent with the guilt of the defendant and inconsistent with any

other reasonable conclusion. *Cassell* v. *State, supra; Wortham* v. *State,* 5 Ark. App. 161, 634 S.W.2d 141 (1981).

There was ample evidence from which the jury could conclude that the appellant was guilty of the offense charged. We conclude that the evidence was substantial, and therefore we find this argument to be without merit.

Affirmed.