William E. ROBINSON *v.* STATE of Arkansas

CA CR 82-79                          646 S.W.2d 714

Court of Appeals of Arkansas
Opinion delivered February 23, 1983
[Rehearing denied March 23, 1983.]

*Felver A. Rowell, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Michael E. Wheeler,* Asst. Atty. Gen., for appellee.

MELVIN MAYFIELD, Chief Judge. The appellant was convicted of burglary. On appeal he raises issues concerning the discovery of evidence and instructions to the jury. We affirm.

Prior to trial, the appellant filed a motion which included requests for permission to inspect, copy or photostat all written or recorded statements made by him and all tangible objects which would be used against him. A response was filed agreeing to that request. The motion also said "furnish in writing verbatim all statements made by defendant which the State will use on direct or cross-examination at the trial." The response agreed to that request also.

The response was filed on February 17, 1981, and the case went to trial on September 2, 1981. At trial the court allowed the state to introduce into evidence a written statement, signed by appellant, admitting the burglary and also allowed into evidence three photographs showing a footprint and point of entry to the house burglarized. This evidence was objected to on the grounds that it was not furnished or made available to appellant prior to trial.

During discussion of the objection it was disclosed that after the response to appellant's requests was filed, counsel for appellant never made any contact with the deputy

prosecuting attorney's office in an effort to inspect, copy, or obtain the statement of the defendant or the photographs offered in evidence, even though defense counsel and prosecutor had offices next door to each other.

With regard to the statement, the appellant's argument is based on the fact that the state agreed to furnish it but never did. The state's answer is that it had no affirmative duty to furnish — mail or deliver — the statement, but that it was available in the prosecutor's office from February 17, 1981, to date of trial, September 2, 1981. We find no reversible error in the trial court's allowance of the statement into evidence. Ark. Stat. Ann. § 43-2011.2 (Repl. 1977) provides that upon motion the court may order the prosecuting attorney to permit the defendant to inspect and copy certain things, and provides authority for the court to exercise the control necessary to carry out its orders, but it does not require that the prosecutor furnish those things to defendant or his counsel. Neither do we find any specific duty to furnish set out in the rules regulating the prosecuting attorney's obligations in discovery matters. *See* Criminal Procedure Rules 17.1 and 17.2.

Appellant points to Ark. Stat. Ann. § 43-2011.3 (Repl. 1977) as authority for the state to produce a statement in its possession, but that provision is referring to a statement of a witness ordered to be produced *after* the witness has testified on direct examination. *Rush* v. *State,* 252 Ark. 814, 481 S.W.2d 696 (1972). We do not hold that the court does not have authority, even in the absence of statute, to require the state to furnish the defendant a copy of his statement. *See Mobley* v. *State,* 251 Ark. 448, 473 S.W.2d 176 (1971). We do hold, however, that under the circumstances of this case, there was no abuse of discretion in the court's failure to exclude the appellant's written statement from evidence.

As to the pictures, the appellant argues that the evidence shows the prosecutor did not have them in his office until about two weeks before trial and after receiving them he did not notify defense counsel of their existence or that the state intended to introduce them into evidence. But for more than six months appellant had been told, by the state's response,

that he could inspect or photostat all tangible objects which would be used in his trial and he made no attempt to inspect at any time. Under a similar situation the Supreme Court of Arkansas found no abuse of discretion in allowing the photographs in evidence. *Thomerson* v. *State*, 274 Ark. 17, 621 S.W.2d 690 (1981). And in *Renton* v. *State*, 274 Ark. 87, 96, 622 S.W.2d 171, 175 (1981), the court said:

> Rule 17.1 only allows a criminal defendant the *opportunity* to discover the state's testimony prior to trial. As this court stated in *Dupree* v. *State, supra,* "[A] defendant in a criminal case cannot rely upon discovery as a total substitute for his own investigation."

Moreover, with regard to both the statement and the photographs, the appellant made no objection prior to trial to the state's compliance with his requests and at trial he made no motion for continuance.

As to the jury instructions, the appellant says the trial court should have instructed upon breaking or entering and upon criminal trespass, as lesser included offenses of the crime of burglary. We agree that the trial court is required to instruct on a lesser included offense when there is testimony furnishing a reasonable basis upon which the accused may be found guilty of the lesser offense. *Bongfeldt* v. *State,* 6 Ark. App. 102, 639 S.W.2d 70 (1982). But that is really not the situation presented in this case.

Here, the appellant took the stand and admitted to the burglary (no point is made by either side that this makes any issue moot) and there is no evidence tending to disprove any element of the crime of burglary. Although the appellant was charged only with burglary, there is evidence that he may also have broken into an automobile in the carport of the home burglarized. Thus, *in addition* to the crime of burglary committed by breaking into the occupiable structure, Ark. Stat. Ann. § 41-2002 (Repl. 1977), the appellant may also have committed the crime of breaking or entering or the crime of criminal trespass by breaking into the vehicle. This, however, does not mean that there was any reasonable basis on which the jury could have found that

appellant was not guilty of the burglary with which he was charged.

Affirmed.

CRACRAFT and CORBIN, JJ., concur.

GEORGE K. CRACRAFT, Judge, concurring. While I concur with both the reasoning and result reached by the majority I would affirm this case even if convinced that the court committed error in admitting the evidence objected to at the time it was offered. The appellant took the witness stand in his own defense and judicially confessed to having committed the crime for which he was convicted. In his sworn testimony he reaffirmed his voluntary written confession, pled for mercy and offered to make restitution to his victim. When he did this the jury had conclusive proof of his guilt and any improper admission of evidence could not be prejudicial. *Mize* v. *State,* 267 Ark. 743, 590 S.W.2d 75 (Ark. App. 1979); *Hays* v. *State,* 208 Ark. 701, 597 S.W.2d 821 (Ark. App. 1980).

In *Hays* it was stated:

A trial is, or should be, a search for the truth of the guilt or innocence of the accused, and not an exercise in legal theatrics to determine whether all the rules of evidence and procedure (with the many shades of gray) can be kept inviolate. Where guilt is assured from the accused's own testimony in the form of judicial confession we think the scrutiny of appellate review should be relaxed, at least where the penalty is within the law.

This rationale is clearly applicable to this case whether or not the State argued it. A criminal defendant cannot be permitted to complain on appeal about technical objections to the admission of a voluntary confession or other evidence tending to establish his guilt when he has given that same information to the jury under oath in a plea in mitigation of punishment.

I am authorized to state that CORBIN, J., joins in this concurrence.