Arthur J. WALLS *v.* STATE of Arkansas

CA CR 82-180                               652 S.W.2d 37

Court of Appeals of Arkansas
Opinion delivered June 8, 1983
[Rehearing denied July 6, 1983.*]

*GLAZE, J., would grant rehearing.

*Felver A. Rowell, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

JAMES R. COOPER, Judge. In this criminal case, the appellant, Arthur "Jo Bo" Walls, was charged with possession of a controlled substance with intent to sell and/or deliver. After a jury trial, the appellant was found guilty and sentenced to four years in the Arkansas Department of Correction. From that decision, comes this appeal.

Several months prior to the alleged sale, the appellant became acquainted with John Robert Robbins. The appellant and his girlfriend often had Robbins and his wife over to their home for dinner. As time passed, the appellant and Robbins grew to be "close friends". On one occasion, Robbins painted the appellant's truck without charge. Eventually, Robbins prevailed upon the appellant to obtain some marijuana for him. The appellant allegedly denied Robbins requests until Robbins began to beg him to acquire some marijuana for him. The appellant then drove to Sweet Home, Arkansas, and returned with three ounces of mari-

juana. Shortly after the appellant returned home, Robbins and Harvey George, an undercover agent with the Arkansas State Police, arrived to obtain the marijuana. The appellant was subsequently arrested and charged with possession of a controlled substance with intent to sell and/or deliver.

The appellant's first point for reversal is that the trial court erred in denying his motion for a continuance and forcing him to proceed to trial without the presence of Robbins, the informant. The appellant argues that Robbins' absence prevented him from fully developing and presenting his entrapment defense to the jury since the appellant claimed Robbins participated in the drug transaction.

After his arrest, the appellant filed a Bill of Particulars seeking the names and addresses of all witnesses who would testify in support of the charge filed against the appellant. The appellant also requested all information within the prosecuting attorney's files which would be favorable and helpful to the appellant in the preparation of his case. The State agreed to provide all information required by Rule 17.1 of the Arkansas Rules of Criminal Procedure, in accordance with the procedure provided by Rule 17.2 (b) (i) (ii). An inspection date of January 13, 1982, was set. At the subsequent inspection, the appellant's attorney was notified that Robbins would not be called as a witness on behalf of the State. The prosecuting attorney also notified the appellant that it was the State's position that Robbins did not participate in the actual drug buy and that Robbins was not an employee of the Arkansas State Police.

On March 12, 1982, the appellant filed two motions to suppress. In the second motion, the appellant admitted that he had been advised that the State would not call Robbins as a witness.

On March 18, 1982, in a hearing on certain motions filed by the appellant, the appellant's attorney informed the trial court that he was aware that Robbins would not be called by the State as a witness. The trial court refused to grant the appellant's motions to suppress because he felt,

*inter alia,* that the entrapment defense was a jury question, or was a question to be raised by a motion for a directed verdict during the trial and not by a motion to suppress. In response to the discussion concerning Robbins, the prosecuting attorney informed the trial court that the whereabouts of Robbins or even his true name were unknown. The prosecuting attorney also argued that the appellant's attorney should make an effort on his own to locate Robbins and pointed out that the appellant had the right to subpoena any witnesses which the appellant desired to testify at the trial. The trial court stated that these matters should be taken care of through normal discovery proceedings.

On the same day as the hearing, March 18, 1982, the appellant delivered subpoenas for Robbins to the Faulkner County and Pulaski County Sheriffs' Offices, directed to the Arkansas State Police. Neither office was able to locate Robbins.

On the day of trial, April 8, 1982, the appellant sought a continuance based on his inability to locate Robbins. The appellant argued that Robbins' presence at trial was essential to the entrapment defense. The prosecuting attorney again informed the appellant that his office had never intended to call Robbins as a witness, that Robbins did not make the drug buy and was not employed by the Arkansas State Police. The prosecuting attorney also argued that the appellant had known all this information for at least three months and that simply issuing subpoenas for Robbins did not establish due diligence on the part of the appellant. The prosecuting attorney argued that the appellant had available means by which to locate Robbins. The trial judge, after determining that the appellant's attorney had never personally talked to Robbins and had known for some time that the State would not be calling Robbins as a witness, denied the appellant's motion for a continuance.

The question of whether a continuance should be granted is a matter within the trial court's discretion. *Berry v. State,* 278 Ark. 578, 647 S.W.2d 453 (1983). On appeal, the trial court's decision will not be reversed in the absence of a

clear abuse of discretion. *Tippit* v. *State,* 6 Ark. App. 26, 637 S.W.2d 616 (1982).

The appellant argues that *Spears* v. *State,* 264 Ark. 83, 568 S.W.2d 492 (1978), is controlling and places the burden on the State to produce the informant. In *Spears,* the Arkansas Supreme Court, in *dicta,* stated:

> Where there is an admitted informer who was a participant in transactions in controlled substances, the state should make every effort to produce him or to assist an accused in doing so.

However, the Court found that the defendant in *Spears* had not exercised due diligence in attempting to locate the informant. The Court, in reversing and remanding the case on a different issue, noted that the defendant should invoke the processes of the trial court to obtain the witness' attendance at trial.

In *Daigger* v. *State,* 268 Ark. 249, 595 S.W.2d 653 (1980), the Arkansas Supreme Court stated:

> On the day the trial began, the appellants made an oral motion for a continuance to allow the State to furnish them Cahill's [the informant] address. The trial judge denied the motion. We affirm his decision. A continuance need only be granted upon a showing of good cause. Rules of Crim. Proc., Rule 27.3. A denial of a continuance will not be reversed absent a clear abuse of discretion. *Russell & Davis* v. *State,* 262 Ark. 447, 559 S.W.2d 7 (1977). We find none here. The appellants knew Cahill's name and had ample opportunity, either through their own investigation or a specific discovery request, to find him before trial began.

It is well settled that a defendant cannot rely upon discovery as a complete substitute for his own investigation. *See Robinson* v. *State,* 7 Ark. App. 209, 646 S.W.2d 714 (1983). In the case at bar, the appellant had approximately four months in which to prepare his defense of entrapment. The prosecuting attorney's files were totally available to

him. If the appellant felt that his investigation was hampered by the State, assistance from the trial court was available. *Cf. Goodwin* v. *State,* 263 Ark. 856, 568 S.W.2d 3 (1978). However, the record indicates that the appellant never filed a motion to compel discovery and no wilfull violations of our discovery rules have been presented under the facts in the instant case. The prosecuting attorney informed the appellant's attorney, and the undercover agent for the State Police testified, that the whereabouts of the informer were unknown. There is nothing in this record which ever suggests that the State was deliberately concealing Robbins' whereabouts. If such evidence existed, it was incumbent upon the appellant to present it to the trial court, in a timely manner, so as to compel the State to assist in producing Robbins. The burden rests upon the appellant to demonstrate that the trial court abused its discretion in denying a continuance. *Heffernan* v. *State,* 278 Ark. 325, 645 S.W.2d 666 (1983). We cannot say that the trial court abused its discretion in the case at bar in denying the appellant's motion for a continuance on the morning of the trial.

Secondly, the appellant argues that the trial court erred in limiting the cross-examination of Harvey George with reference to the informant, Robbins. The record indicates that the prosecuting attorney requested a bench conference at the conclusion of the direct examination of George. At that time, the State requested a ruling from the trial court regarding whether George could be questioned about the name and identity of the informant. The State argued that George could be questioned about the incidents without referring to the informant by name. After the appellant's attorney indicated that he was not concerned about the informant's identity, the trial court ruled that the name and identity of the informant could not be inquired into on cross-examination.

The appellant argues that *Spears* v. *State, supra,* is controlling. However, we find the facts distinguishable from the case at bar. In *Spears,* the defendant was prevented from testifying to what the informant said to him. Although this Court recognizes that any evidence having a tendency to make the existence of entrapment more probable should be

admissible, subject to the ordinary rules of evidence, *Sweat* v. *State*, 5 Ark. App. 284, 635 S.W.2d 296 (1982), no such limitation is present in the case at bar.

The primary emphasis in cases involving entrapment is on the *conduct* of the law enforcement officer or any person acting in cooperation with him. *Spears* v. *State, supra; Harper* v. *State,* 7 Ark. App. 28, 643 S.W.2d 585 (1982). The appellant's attorney was allowed to cross-examine George concerning the marijuana sale. The appellant was also allowed to testify concerning both the statements the informant made to him and those made by the informant to others while in the appellant's presence.

Rule 509 (a) of the Arkansas Uniform Rules of Evidence provides in pertinent part:

> The . . . state . . . has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of a law to a law enforcement officer . . . .

Although evidence of the conduct of the informant in the presence of the appellant was admissible, the State was clearly entitled to protect the name and identity of the informant unless ordered by the trial court to reveal such information. From the record, it does not appear that the appellant was actually limited at all, since he did not intend to cross-examine George regarding Robbins' identity.

Thirdly, the appellant argues that the trial court erred in denying his motion for a mistrial. On direct examination, the appellant testified that he had refused George's offer to sell him quaaludes during their initial meeting. On cross-examination, the appellant was questioned concerning the number of times George had been to the appellant's home. The appellant testified that George had been to the appellant's home on only two occasions, but that he did not come in the first time. The appellant further testified that George had not been back to see him since the initial sale. In rebuttal, the State recalled George who testified that he had, in fact, been back to the appellant's home since the initial

sale to make an additional purchase. The appellant moved for a mistrial.

It is well settled that whether to grant a mistrial is within the discretion of the trial court and the trial court's decision should not be disturbed on appeal unless an abuse of discretion is shown. *Brewer* v. *State,* 269 Ark. 185, 599 S.W.2d 141 (1980). The introduction of rebuttal evidence also lies within the sound discretion of the trial court. *Decker* v. *State,* 255 Ark. 138, 499 S.W.2d 612 (1979). In the case at bar, we find that the evidence of the additional sale was admissible to rebut the inference that the appellant was entrapped. *See Harper* v. *State, supra.*

Finally, the appellant argues that the trial court erred in denying his motion for a directed verdict. The entrapment statute, Ark. Stat. Ann. § 41-209 (2) (Repl. 1977), provides:

> Entrapment occurs when a law enforcement officer or any person acting in cooperation with him, induces the commission of an offense by using persuasion or other means likely to cause normally law-abiding persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

Entrapment is an affirmative defense which must be proved by a preponderance of the evidence. *Brown* v. *State,* 248 Ark. 561, 453 S.W.2d 50 (1970). *See also Rhoades* v. *State,* 270 Ark. 962, 607 S.W.2d 76 (Ark. App. 1980), *cert. denied,* 452 U.S. 915 (1981). The emphasis is on the conduct of the law enforcement officer or any person cooperating with him in determining whether the illegal conduct was induced by the persuasion of the officer or his informant, or whether the situation merely provided the appellant with the opportunity to do what he was already willing and able to do. *Harper* v. *State, supra. See also Rhoades* v. *State, supra; Mullins* v. *State,* 265 Ark. 811, 580 S.W.2d 941 (1979). "Entrapment exists where the criminal designs originate not with the accused, but with the officers of the law, and the accused is lured into the commission of an unlawful act by

persuasion, deceitful representation, or inducement by the officers." *Sweat* v. *State, supra.*

Only if there is no factual issue to be resolved can this Court find that entrapment existed as a matter of law. *Harper* v. *State, supra. See also Leeper* v. *State,* 264 Ark. 298, 571 S.W.2d 580 (1978). On appeal, we must review the evidence in the light most favorable to the jury's verdict and affirm if there is substantial evidence to support it. *Harris* v. *State,* 262 Ark. 680, 561 S.W.2d 69 (1978). Substantial evidence has been defined as evidence which is of sufficient force and character that it will, with reasonable and material certainty, compel a conclusion one way or the other. The evidence must force or induce the mind to pass beyond suspicion or conjecture. *Jones* v. *State,* 269 Ark. 119, 598 S.W.2d 748 (1980); *Pickens* v. *State,* 6 Ark. App. 58, 638 S.W.2d 682 (1982).

Under the facts presented in the instant case, the jury could have determined that the appellant was not entrapped, but merely afforded an opportunity to do what he was already willing and able to do voluntarily. *Harper* v. *State, supra.* The jury heard conflicting evidence from the appellant and his girlfriend concerning the original purchase of the marijuana by the appellant and the sale of the marijuana to the undercover agent which took place in the appellant's home. The jury was not required to believe any witness, including the appellant. *Wrather* v. *State,* 1 Ark. App. 155, 613 S.W.2d 601 (1981). It was within the province of the jury to resolve the conflicts, inconsistencies and contradictions in the testimonies. *Thomas* v. *State,* 266 Ark. 162, 583 S.W.2d 32 (1979). The jury apparently resolved the conflicts against the appellant. We find substantial evidence to support the verdict of the jury.

Affirmed.[1]

CLONINGER, CORBIN, and GLAZE, JJ., dissent.

---

[1]Chief Judge Mayfield, though not present at oral argument, listened to the taped argument and joins in this opinion.

LAWSON CLONINGER, Judge, dissenting. I respectfully dissent. The majority seems to have elevated John Robert Robbins to the status of confidential informer, entitled to the full protection of the law regarding his identity. He is entitled to no consideration. The evidence indicates that Robbins either encouraged and assisted the appellant in the marijuana sale out of personal vindictiveness or he was working with the police. He was an informer and a participant in the sale. Whether appellant's testimony that Robbins had pretended friendship for a period of months is worthy of belief is irrelevant; the important point is that appellant should be given a fair opportunity to obtain Robbins' presence. He has not been afforded that opportunity.

The majority states that there is "nothing in this record which ever suggests that the State was deliberately concealing Robbins' whereabouts." Of course there is no evidence of deliberate concealment, only evidence of complete silence and indifference.

Perhaps appellant should have filed a specific motion to compel discovery, but up to the point of filing his motion for continuance, he had done all that could have been reasonably expected of him. The State was fully aware that appellant was trying to procure Robbins' attendance, and appellant had previously filed a discovery motion asking in general terms that the State be directed to furnish any information that would be helpful to him in his preparation for trial.

At a hearing held only twenty days before trial, appellant first became aware that the State would not call Robbins as a witness, and at that time the court had not ruled on appellant's earlier motion to suppress evidence on the basis of entrapment. After the hearing, appellant caused the issuance of subpoenas for Robbins in two counties. Appellant did not learn that the subpoenas could not be served until the day before trial.

Any evidence having any tendency to make the existence of entrapment more probable is admissible. Uniform

Rules of Evidence, Rule 401. The accused should be allowed a reasonable latitude in presenting whatever facts and circumstances he claims constitute an entrapment, subject to ordinary rules of admissibility. *Spears* v. *State,* 264 Ark. 83, 568 S.W.2d 492 (1978). In this case, appellant was given *no* latitude in establishing the defense of entrapment. I would reverse and remand for a new trial.

I am authorized to state that CORBIN and GLAZE, JJ., join in this dissent.