Henry Leroy TIPPITT *v.* STATE of Arkansas

CA CR 82-20                                    637 S.W.2d 616

Court of Appeals of Arkansas
Opinion delivered August 25, 1982
[Rehearing denied September 15, 1982.]

*William R. Simpson, Jr.,* Public Defender, by: *Robert J. Price,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Arnold M. Jochums,* Asst. Atty. Gen., for appellee.

Tom Glaze, Judge. Appellant brings this appeal from a conviction for aggravated robbery. He had been tried previously on the same charge but the court declared a mistrial. The sole issue raised by appellant is that the trial court erred in not granting a continuance to permit him to interview potential witnesses and to obtain a transcript of prior testimony of the prosecuting witness. The standard by which we review this case is that the trial judge's action in denying a continuance will not be reversed on appeal in the absence of such a clear abuse of the sound judicial discretion of the trial judge as to amount to a denial of justice. The burden rests upon an appellant to show that there has been such an abuse. See *Kelley* v. *State,* 261 Ark. 31, 545 S.W.2d 919 (1977). We find the appellant failed to meet that burden.

Appellant's first trial ended in mistrial on October 21, 1981. On October 23, 1981, appellant's new, substituted counsel filed a motion requesting the State to supply the names of persons (potential witnesses) who had talked to the prosecuting witness shortly before the alleged robbery. He also requested a continuance so that these persons could be interviewed prior to a second trial. At an Omnibus Hearing on November 2, 1981, the State gave appellant the names of the potential witnesses. The court then set a new trial date of November 12, 1981. At the hearing, it denied appellant's motion for continuance, stating it saw no reason why appellant could not interview these potential witnesses before the trial date. On November 12, before the trial commenced, appellant's counsel announced ready for trial and did not renew his motion for continuance.

Since appellant's motion for continuance was not renewed at trial, we believe it was proper for the trial court to

conclude that appellant was ready to proceed. See *Decker* v. *State*, 255 Ark. 138, 142, 499 S.W.2d 612, 615 (1973), and *Golden* v. *State*, 265 Ark. 99, 576 S.W.2d 955 (1979). Appellant never apprised the court that the potential witnesses had not been interviewed. Nor did appellant inform the court that he was unable to obtain the prosecuting witness' prior testimony. In sum, the record fails to show the trial court abused its discretion in denying appellant's pre-trial motion for continuance.

Affirmed.