BANK OF CABOT *v.* Billy BLEDSOE

CA 82-433                                              653 S.W.2d 144

Court of Appeals of Arkansas
Opinion delivered July 6, 1983

*Thompson, O'Bryan & Martin,* by: *Edgar R. Thompson,* for appellant.

No brief filed for appellee.

TOM GLAZE, Judge. This is a Uniform Commercial Code case involving repossession of collateral (a car) by the appellant bank, subsequent disposal of the collateral by private sale, and an action by the bank to recover a deficiency. The appellee counterclaimed for damages resulting from the allegedly defective repossession and disposal of the car. The trial court dismissed the appellant's original complaint, gave judgment on its amended complaint for $500, and gave judgment to appellee on his counterclaim for $1,627.92, finding that the repossession occurred without notice to the appellee and prior to a default.

Appellant contends that the court erred in four respects: (1) in requiring appellant to go to trial without notice of the cause of action; (2) in proceeding with the cause when it was restrained by the U.S. Bankruptcy Court, (3) in finding the repossession wrongful; and (4) in finding the resale of the collateral inadequate and inconsistent with the Uniform Commercial Code. We affirm the trial court.

The appellee signed two promissory notes with the appellant bank:

One for $500, dated September 6, 1979, due in one installment on November 5, 1979;
One for $5,600, dated October 12, 1979, payable in forty-two monthly installments with payments to begin November 15, 1979.

Appellee borrowed the $5,600 to purchase a car from Bale Chevrolet; the note was secured by the car. The balance of the purchase amount was paid by appellee's giving the bank a check drawn on his personal account with appellant bank. The notes were in appellee's name alone and reflected his post office box address in Beebe, Arkansas. Appellee took possession of the car on about October 12, 1979. At that time, he was in the process of getting a divorce from his wife. According to his testimony, he was afraid his wife would withdraw the money from their account in appellant bank; thus, on October 17, 1979, he withdrew the money and placed it in a North Little Rock bank account bearing his name only. He claimed he did so with the knowledge of his loan officer at appellant bank. The bank had not yet used funds from his account to cover the check he wrote for the down payment on the car because, according to appellee's testimony:

> I had offered to the day that I withdrew the money [to make the down payment] and she [his loan officer] said there was a title mix up, which shouldn't be and she wanted me to hold everything until Bale Chevrolet did get the title straightened out and some days later, they repossessed the car.

As a result of appellee's withdrawing his money, Mr. Wheeler, collector for the appellant bank, repossessed the car on October 23, 1979. Mr. Wheeler, the only witness for the bank at the hearing, testified that after repossessing the car, he mailed notice to appellee to a post office box number in Cabot, an address he copied from cancelled checks which were in the car at the time Wheeler picked it up. Wheeler testified that he ran an ad in the Cabot newspaper announcing the car for sale. On December 13, 1979, a used car dealer in Cabot sold the car for $4,800, for which the bank paid him a $100 commission.

The bank's action against the appellee was for the deficiency, *i.e.,* the difference between the amount appellee borrowed and the amount for which the car was sold — $2,583.24. The appellee contended at the hearing below that he did not owe the bank a deficiency because the bank

wrongfully repossessed the car on October 23, 1979, prior to the November 15 date the first payment was due on his note.

Appellant's first two points for reversal deal with notice, and we will consider them together. Appellant contends that it was deprived of sufficient notice on two counts: first, that it never received notice its cause of action was going to trial when it did; and second, that it never received notice a restraining order issued by the Bankruptcy Court had been released eight days before this cause of action was heard. Appellant cites no legal authority for either point; it offers no argument supporting the first point and limited argument supporting the second. Although this Court need not consider allegations of error absent citation to authority or convincing argument, *Harrison* v. *Benton State Bank,* 6 Ark. App. 355, 642 S.W.2d 331 (1982), we dismiss appellant's contentions for a more compelling reason. To prevent prejudice resulting from lack of notice, appellant's proper remedy was to request a continuance of the trial court. *See Tippitt* v. *State,* 6 Ark. App. 26, 637 S.W.2d 616 (1982). The record shows that counsel for appellant apprised the court at trial that he was proceeding without notice and without adequate time for preparation. He did not lodge a formal objection or request a continuance. The trial judge offered appellant's counsel thirty minutes to confer with his client, but counsel replied that he would take just five minutes. Under these circumstances, we believe the court's decision to proceed was correct. *See id.* at 28, 637 S.W.2d at 617.

Appellant's third point for reversal is that the trial court erred in holding that the appellant wrongfully repossessed the car at a time when the account was not delinquent or in default. Appellant contends that appellee was actually in default before his first payment was due because he failed to furnish his portion of the purchase price of the car on the front end of the transaction. Appellant maintains that appellee committed anticipatory breach of the contract, citing *Wendt* v. *Ismert-Hincke Milling Company,* 107 Ark. 106, 154 S.W. 194 (1913). However, in Arkansas, the doctrine of anticipatory breach does not apply to contracts which have as their unperformed part merely the duty to pay

money at specified times. *Manufacturers' Furniture Co.* v. *Read,* 172 Ark. 642, 290 S.W.2d 353 (1927). *See also* 17 Am. Jur. 2d, *Contracts* §§ 448, 455 (1964). We find the *Manufacturers' Furniture Company* case and those which follow it dispositive of this point.

Appellant's final allegation is that the court erred in holding that the notice of intended resale of the property was inadequate and not consistent with the Uniform Commercial Code. Appellant argued that the notice sent to appellee after the bank repossessed the car was adequate to satisfy the mandates of Uniform Commercial Code provisions and Arkansas cases. However, we find it unnecesary to reach the question of the adequacy of the notice because we find the trial court was correct in holding the repossession wrongful because it occurred prior to default. The facts are undisputed that Wheeler repossessed the car on October 23, 1979, when by the plain terms of the promissory note appellee's first payment was not due until November 15, 1979. The pertinent provisions of the Code do not give a creditor the right to repossess or to dispose of collateral until *after* default. Here, appellee simply never defaulted.

We find the judgment of the trial court correct in all respects. Therefore, we affirm.

Affirmed.