Gregory VANN . STATE of Arkansas

CA CR 84-162                           684 S.W.2d 265

Court of Appeals of Arkansas
Division I
Opinion delivered February 13, 1985

*John W. Settle,* by: *J. Fred Hart, Jr.,* for appellant.

*Steve Clark,* Att'y. Gen., by: *Marci L. Talbot,* Asst. Att'y Gen.

LAWSON CLONINGER, Judge. In this criminal case, appellant argues that the trial court erred in refusing to grant a continuance and that there was insufficient evidence upon which to base a conviction for aggravated assault. We find his arguments unpersuasive and accordingly affirm.

Appellant was charged with the offense of aggravated assault under Ark., Stat. Ann. § 41-1604 (Repl. 1977) following an incident that occurred in August, 1983. From testimony at trial, it appears that appellant and Wayne Jordan had known each other for some time and there was evidence that the two had had a problem over a girl. On the day in question, Jordan was riding his motorcycle on a four lane thoroughfare in Fort Smith. He testified that appellant, who was driving a Pinto automobile, began swerving and stopping in front of him. Jordan stated further that while he was stopped at an intersection, attempting to turn, appellant followed him into the turn lane and struck the left side of the motorcycle with his car. According to Jordan, just

before impact he leapt from the motorcycle, escaping serious injury but catching his ankle beneath the falling bike and suffering in consequence a swollen leg that kept him at home for a week.

At trial, a witness for the State testified that he had witnessed part of the incident and had observed appellant apparently attempting either to collide with Jordan or to run him off the road. Upon the State's conclusion of its case, appellant moved for dismissal of the charge or, alternatively, reduction to first degree assault. Both motions were denied. Appellant took the stand and claimed that Jordan had thrown a brick and several eight-track tapes at him and was driving recklessly. He asserted that it was Jordan himself who pushed the motorcycle over, placing his foot on the bumper of appellant's car to do so, and that the automobile never came into contact with the motorcycle. Defense counsel then moved for a continuance to secure the attendance of a subpoenaed witness. The court denied the motion, and the jury found appellant guilty of aggravated assault. He was sentenced to six years in prison with three years suspended.

In his first point for reversal, appellant argues that the trial judge erred when he refused to grant appellant's motion for a continuance until an absent witness returned to the court. A hearing was held on the motion in which it was revealed that the witness had appeared in court in the morning session of the trial but had asked and received the defense attorney's permission to go to a job interview. The attorney told the witness to be back between 12:00 and 1:00, but the witness failed to return. At 2:30 p.m., the time of the hearing, the court had delayed the resumption of the trial for one hour and twenty-five minutes. At 11:50 a.m. the witness had phoned the court and had told a secretary that his wife had become ill and that he wished to take her to a doctor. The witness gave the secretary telephone numbers where he could be reached, but all efforts to contact the witness met with failure.

Defense counsel stated that he believed that the witness would testify to seeing Jordan pull up on his motorcycle

4

next to appellant's car, place his foot on the bumper of appellant's car, push his own motorcycle over, and jump off. The court denied the motion for a continuance, noting the length of time the proceedings had been held in abeyance and, further, the fact that other jury trials were scheduled for the next two days.

Rule 27.3, Ark. R. Crim. P., provides:

The court shall grant a continuance only upon a showing of good cause and only for so long as is necessary, taking into account not only the request or consent of the prosecuting attorney or defense counsel, but also the public interest in prompt disposition of the case.

In *Tippit* v. *State*, 6 Ark. App. 26, 637 S.W.2d 616 (1982), we held that the trial judge's action in denying a continuance will not be reversed on appeal in the absence of so clear an abuse of sound judicial discretion as to amount to a denial of justice. The appellant bears the burden of showing the presence of such abuse. See *Kelley* v. *State*, 261 Ark. 31, 545 S.W.2d 919 (1977). Factors which must be considered by a trial court in exercising its discretion in granting or denying a motion for continuance are the probable effect of the testimony or evidence, the likelihood of procuring the evidence, and the relevance of the testimony or evidence. *Davis* v. *State*, 267 Ark. 1159, 594 S.W.2d 47 (1980).

In the present case, the trial court properly exercised its discretion. It entertained defense counsel's proffer of anticipated testimony by the absent witness. It balanced the relevance of the expected testimony against the "public interest in prompt disposition of the case" as required by the Rules of Criminal Procedure. It considered the likelihood of securing the witness's attendance in the light of the delay of nearly an hour and one half and the failure of defense personnel to reach the witness in the interval by phone.

Moreover, it appears from the record that the witness in question had been subpoenaed originally by the prosecution. The decision by the defense to call him to the stand

was apparently reached only one day before the trial began and the defense subpoena was not actually served until the morning of the trial. Ten months had elapsed between the time of the commission of the offense and the trial and appellant had been free on bond for that period. It was with the consent and blessings of defense counsel that the witness took his leave and his release was not participated in by the prosecutor or the court. Under the circumstances, we cannot say that there was a clear abuse of judicial discretion in denying the continuance.

In his second point for reversal, appellant contends that there was insufficient evidence upon which to base a conviction for aggravated assault. Ark. Stat. Ann. § 41-1604 (Repl. 1977) provides:

A person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he purposely engages in conduct that creates a substantial danger of death or serious physical injury to another person.

Ark. Stat. Ann. § 41-203 (Repl. 1977) states that a person acts purposely with respect to his conduct or a result thereof when it is his conscience object to engage in conduct of that nature or to cause such a result.

When the evidence in this case is viewed in the light most favorable to the State, it is sufficient to support a finding that appellant acted purposely, not merely recklessly.

There was evidence sufficient to demonstrate that appellant manifested extreme indifference to the value of human life and that he purposely engaged in a course of conduct that created a substantial danger of death or serious physical injury to Wayne Jordan. In making the determination as to whether the evidence is substantial, the evidence must be reviewed in the light most favorable to the appellee. *Pickens* v. *State*, 6 Ark. App. 58, 638 S.W.2d 682 (1982). This court must affirm a conviction if there is substantial

evidence to support the verdict. *Lunon* v. *State,* 264 Ark. 188, 569 S.W.2d 663 (1978).

Affirmed.

GLAZE and CORBIN, JJ., agree.