122

Charles NEELY *v.* STATE of Arkansas

CA CR 86-6                                          711 S.W.2d 482

Court of Appeals of Arkansas
Division I
Opinion delivered June 25, 1986

*William R. Simpson, Jr.*, Public Defender, *Donald K. Campbell, III*, Deputy Public Defender, by: *Thomas B. Devine, III*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Mary Beth Sudduth*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was charged with the offense of aggravated assault, under Ark. Stat. Ann. § 41-1604 (Repl. 1977), and with being a habitual offender, under Ark. Stat. Ann. § 41-1001 (Supp. 1985). After a non-jury trial, the appellant was convicted and sentenced to five years in the

Arkansas Department of Correction. The appellant's sole contention on appeal is that the trial court erred in refusing to reduce the charge to assault in the first degree (Ark. Stat. Ann. § 41-1605 (Repl. 1977)). Essentially, the appellant argues that, while the evidence is sufficient to support a finding that he acted recklessly and would therefore sustain a conviction under § 41-1605, there is insufficient evidence to support a finding that he acted purposefully. We find no merit in this contention.

A person commits the offense of aggravated assault

if, under circumstances manifesting extreme indifference to the value of human life, he *purposely engages in conduct* that creates a substantial danger of death or serious injury to another person.

Ark. Stat. Ann. § 41-1604 (Repl. 1977) (emphasis added). The principal difference between the crimes of aggravated assault and assault in the first degree is that the former requires the accused to have acted purposefully, while the latter merely requires reckless action. *Rust* v. *State*, 263 Ark. 350, 565 S.W.2d 19 (1978). "A person acts purposefully with respect to his conduct . . . when it is his conscious object to engage in conduct of that nature. . ." Ark. Stat. Ann. § 41-203(1) (Repl. 1977).

The facts of this case are not in dispute. On July 3, 1984, the appellant and Clemmie Stewart were both in the Employment Security Division office when, after an argument with Mr. Stewart, the appellant grabbed him, held him against the wall, and put a knife up to his throat. Sergeant Bunch of the Little Rock Police Department was present and, after drawing his revolver, ordered the appellant to drop the knife. After the officer again asked him to drop the knife, the appellant complied and was arrested. The appellant testified that:

[H]e just steady kept agitating me. . . . So I *just got up and walked up to him*, you know and I didn't know what I was doing. *I just took my knife out and I tried to cut him* . . . See, all I wanted to do was cut him. I didn't try and take his life. And see the man was known to to take his knife out and threaten some people . . . maybe there wasn't no excuse for what I did there, but I just lost my head, you know . . . And all I did was just want to scare him a little

bit, you know . . . I thought wasn't nothing going to happen about it, see. I just wanted to shut him up, just stop bothering me, you know. *Yes, I knew what I was doing*, I knew that I had shoved him up against the wall . . . he didn't want to leave me alone so I just thought I would use something he could understand. [Emphasis added.]

The appellant contends that, because he testified that he did not want to kill Mr. Stewart, but only scare him, he could not be found to have acted purposefully. In so doing, he misapprehends what must be done purposefully. It is only necessary to show that the appellant "manifested extreme indifference to the value of human life and that he purposely engaged in conduct that created a substantial danger of death or serious injury." *Vann* v. *State*, 14 Ark. App. 1, 684 S.W.2d 265 (1985). It is the *conduct* that must be undertaken purposefully, not the intended result. So long as the appellant purposely engaged in the required conduct, it does not matter his intent in doing so. Here, the appellant testified that he intended to pull the knife on Mr. Stewart and that he knew what he was doing. As so aptly put by the State, "[c]ommon sense dictates that a person who deliberately holds a knife to another person's throat acts under circumstances manifesting extreme indifference to the value of human life, and that his . . . conduct creates a substantial danger of death or serious physical injury to another person." We find substantial evidence to support the appellant's conviction and, therefore, affirm the appellant's conviction.

Affirmed.

CORBIN and MAYFIELD, JJ., agree.