# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1581

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Travis Bryant, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 9, 2003

Filed: November 20, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and BYE, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Travis Bryant was convicted of being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), and the district court[1] sentenced him to 120 months in prison. On appeal, Mr. Bryant challenges both his conviction and his sentence. For the reasons stated below, we affirm.

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

## I.

Mr. Bryant first contends that the evidence presented was insufficient to support his conviction because the government failed to show that he possessed a firearm. We review the sufficiency of the evidence to sustain a conviction *de novo*. *United States v. Fitz*, 317 F.3d 878, 881 (8th Cir. 2003). "On a challenge to the sufficiency of the evidence supporting a criminal conviction we must view the evidence 'in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict.' " *United States v. Abfalter*, 340 F.3d 646, 654-55 (8th Cir. 2003) (quoting *United States v. Erdman*, 953 F.2d 387, 389 (8th Cir. 1992), *cert. denied*, 505 U.S. 1211 (1992)). A jury verdict will be upheld if it is supported by substantial evidence, *United States v. Cruz*, 285 F.3d 692, 697 (8th Cir. 2002), which "exists if a reasonable jury could have found the defendant guilty beyond a reasonable doubt," *Fitz*, 317 F.3d at 881.

The government's case relied on the testimony of two men, Gary McElroy and Johnny Wells, who were shot at following a traffic mishap with Mr. Bryant; both of them identified Mr. Bryant as the shooter. It is true that two people living in the neighborhood testified that after the shots were fired they looked outside their home and saw a different man holding a gun. But where a defendant "points out conflicting testimony and evidence, ... we are mindful that the jury was charged with the duty of resolving such conflicts and making credibility determinations." *United States v. Tucker*, 169 F.3d 1115, 1117 (8th Cir. 1999). The testimony of Mr. McElroy and Mr. Wells that Mr. Bryant was the man who shot at them is clearly sufficient to support a finding beyond a reasonable doubt that Mr. Bryant possessed a firearm.

## II.

Mr. Bryant also maintains that the district court erred by refusing him a new trial because of a variance between the facts alleged in the indictment and the evidence offered at trial. "Whether a variance exists, and, if so, whether that variance

prejudiced [Mr. Bryant], are questions of law that we review de novo." *United States v. Stuckey*, 220 F.3d 976, 979 (8th Cir. 2000).

Comparing the indictment to the evidence presented at trial reveals that there was no variance. The indictment charged that Mr. Bryant, "having been convicted of ... crimes ... punishable by imprisonment for a term exceeding one year, ... did knowingly and intentionally possess in and affecting commerce a firearm ... together with ammunition." At trial, the government presented evidence that Mr. Bryant was a felon who had possessed a firearm that had traveled in interstate commerce. The district court therefore did not err in refusing Mr. Bryant a new trial.

III.

Mr. Bryant next asserts that the district court erred by allowing the government to misstate the law during its rebuttal portion of closing arguments. Specifically, Mr. Bryant contends that the jury was misled as to the elements of the offense by the following statements of the prosecutor: "It only comes down to one question. Was Travis there? Was Travis there? .... If you believe that he was there, then it is your duty, I submit, to convict him." Mr. Bryant maintains that these statements suggested to the jury that his mere presence at the scene was sufficient to support a guilty verdict. To prevail, Mr. Bryant must demonstrate that the prosecutor's argument was improper and prejudicial to his right to a fair trial. *United States v. Beeks*, 224 F.3d 741, 745 (8th Cir. 2000).

We agree with the district court that the statements were not improper. Looking at the entirety of the trial, it is clear that Mr. Bryant was attempting to create reasonable doubt about whether he was even at the scene. He denied being there in statements to a law enforcement officer but was placed at the scene by three witnesses. The prosecutor's statements taken out of context might seem at first improper, but, in a trial where the defendant denied being at the scene and based his

defense on misidentification, casting doubt on his story and reminding the jury of other witnesses' testimony placing him at the scene was quite obviously proper argument.

Additionally, the statements had no prejudicial effect on Mr. Bryant's substantive rights. To determine whether the prosecutor's argument prejudicially affected Mr. Bryant, we look at the cumulative effect of the argument, the strength of the properly admitted evidence of the defendant's guilt, and any curative actions taken by the district court. *United States v. Johnson*, 968 F.2d 768, 771 (8th Cir. 1992). Taking these considerations into account, we conclude that if there was error here it was harmless.

We do not believe that the cumulative effect of the remarks of the prosecutor was significant. The statements were made during closing arguments, and at no time during the trial did the prosecutor maintain that Mr. Bryant should be convicted if he was at the scene but was not the shooter. Because Mr. Bryant denied being there, placing him at the scene was a necessary condition, though not a sufficient one, for his conviction, and we note that the evidence at trial tended to show that if Mr. Bryant was present at the scene, he was indeed the shooter. The district court's instructions to the jury, moreover, were clear that in order for the government to prevail, there had to be proof beyond a reasonable doubt that Mr. Bryant possessed a firearm.

We also think that the government's evidence, especially the identification by Mr. McElroy and Mr. Wells and the testimony of another witness, Dorothy Hicks, presented a strong case against Mr. Bryant. Ms. Hicks, a passenger in the shooter's car on the night of the incident, identified Mr. Bryant as the driver. Mr. McElroy and Mr. Wells testified that it was the driver, and not a passenger, who fired a gun at them, and they specifically identified Mr. Bryant as the shooter. When strong

evidence is presented against a defendant, minor missteps by the prosecutor do not warrant a new trial. *Cf. United States v. Cannon*, 88 F.3d 1495, 1503 (8th Cir. 1996).

Furthermore, although the district court took no curative action in response to Mr. Bryant's attorney's objection to the prosecutor's statements, it offered to do so. After Mr. Bryant's counsel objected to the remarks, the prosecutor, fearing that the defense might try to use the statements as an issue on appeal, urged the court to instruct the jury that Mr. Bryant's mere presence at the scene was not sufficient for a conviction. The district court agreed to do so if Mr. Bryant's counsel so requested, but his attorney declined the offer. Mr. Bryant thus cannot now argue that a curative instruction should have been given. *See United States v. Francisco*, 410 F.2d 1283, 1289 (8th Cir. 1969).

IV.

Mr. Bryant argues that the district court erred by giving the jury a supplemental instruction defining the word "possession." He contends that when combined with the government's rebuttal closing argument, the supplemental instruction constructively amended the indictment.

The district court gave the jury Eighth Circuit Model Jury Instruction No. 8.02, which defines actual possession as "knowingly" having "direct physical control over a thing, at a given time" and constructive possession as "the power and intention at a given time to exercise dominion or control over a thing." The instruction also notes that either type of possession may be sole or joint. *Id.* Mr. Bryant's attorney objected to the instruction contending that it would be overemphasized since it was not given until after closing arguments and the attorneys had not argued the definitions. The district court then offered to allow both sides to argue the possession element to the jury, but Mr. Bryant's attorney refused. As another ground for her objection, Mr. Bryant's counsel asserted that, coupled with the prosecutor's statements in closing

arguments that we have discussed, the instruction would "confuse the jury and could lead to the wrong verdict." She did not offer the district court an alternative instruction.

On appeal, Mr. Bryant contends that the combination of the instruction and the prosecutor's closing rebuttal argument constructively amended the indictment from alleging sole, actual possession of the firearm to alleging constructive possession of it. A constructive amendment of the indictment effected by instructions to the jury is reversible error *per se*. *United States v. Begnaud*, 783 F.2d 144, 147 n.4 (8th Cir. 1986). Constructive amendments, however, occur only when "instructions in effect allow[] the jury to convict the defendant of an offense different from or in addition to the offenses alleged in the indictment." *Id.* at 147. Mr. Bryant's indictment stated simply that he possessed a firearm without any qualification as to whether the possession was actual or constructive. Our review of the record reveals, moreover, that the government did not argue or introduce evidence of constructive possession during the trial. Even if the government had actually introduced evidence attempting to show that Mr. Bryant constructively possessed a gun, however, that would not have constituted an amendment of the indictment since the indictment did not specify what kind of possession Mr. Bryant was charged with. Neither the prosecutor nor the district court by its supplemental instruction altered the essential elements of the offense of being a felon in possession of a firearm, which was the charge that appeared in the indictment.

Although the indictment was not constructively amended, and the instruction accurately stated the law, *see United States v. Smith*, 104 F.3d 145, 148 & n.2 (8th Cir. 1997); *United States v. Ali*, 63 F.3d 710, 715-16 (8th Cir. 1995), the jury nonetheless might have been confused by the instruction's reference to constructive possession, a matter, as we have said, that the evidence in the case did not raise. We are convinced, however, that the error, if any, in giving the supplemental instruction

was harmless because no jury would have concluded that Mr. Bryant was in constructive possession of a firearm on the basis of the evidence before it.

## V.

Over Mr. Bryant's objection, the district court enhanced his sentence by four levels for possessing a firearm "in connection with another felony offense." *See* U.S.S.G. § 2K2.1(b)(5). The state of Missouri had charged Mr. Bryant with several qualifying felonies based on the events leading up to this trial, including first-degree assault for shooting at Mr. McElroy and Mr. Wells. While those state charges were later dismissed, the relevant sentencing guideline is clear that the phrase " 'felony offense' ... means any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." U.S.S.G. § 2K2.1, comment. (n.7); *see also United States v. Fredrickson*, 195 F.3d 438, 439 (8th Cir. 1999) (per curiam).

"We review the district court's application of the sentencing guidelines de novo and its factual findings for clear error." *United States v. Rohwedder*, 243 F.3d 423, 425 (8th Cir. 2001). Mr. Bryant argues that there was insufficient evidence that he was the shooter to warrant the sentence enhancement. We disagree. The evidence that we have already rehearsed was more than sufficient to support the district court's finding that Mr. Bryant committed other contemporaneous felonies "in connection with" illegally possessing a firearm.

## VI.

For the reasons indicated, we affirm the judgment and the sentence of the district court.

_____