Clarence LAGRONE *v.* STATE of Arkansas

CA CR 04-415 204 S.W.3d 568

Court of Appeals of Arkansas
Opinion delivered March 2, 2005

*William R. Simpson, Jr.*, Public Defender, by: *Erin Vinett*, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. Clarence Lagrone appeals his convictions for aggravated robbery and theft of property, arguing that the trial court erred in denying his motion for a continuance. We affirm and hold that the trial court did not abuse its discretion.

Appellant was charged with two counts of aggravated robbery and one count of theft of property in connection with incidents that took place on December 6, 2002. During the first incident, one person was told at gunpoint to turn over his money at an E-Z Mart at Mara Lynn and Bowman Road. However, while the culprits argued amongst themselves, the victim drove away. The other incident involved a robbery and the theft of a vehicle of a couple who were leaving the Outback Steakhouse in West Little Rock.

The witnesses subpoenaed by the prosecutor included Little Rock Police Detectives Ronnie Smith, Mark Knowles, and a Detective Pritchett. Appellant was aware that these officers had been subpoenaed by the State, and did not similarly subpoena them. He asked for a continuance after he found out during his case-in-chief that the prosecutor had released the officers he sought to call as witnesses. Appellant first called Officer Smith, but Smith was not present. At the subsequent bench conference, the prosecutor explained that Smith had been subpoenaed but that she had released him because she did not need his testimony. She also told the court that she had Smith's pager number and that he could be contacted. She further informed the court that when she asked appellant's attorney who his witnesses were, Smith was not named. When questioned by the trial court, appellant's attorney admitted that he had not subpoenaed Smith.

Appellant's counsel subsequently called Officers Pritchett and Knowles, but they likewise were not present. The trial court recessed for approximately thirteen minutes. When trial resumed, appellant presented his defense, presented no further argument nor requested other motions concerning the officers' absence, and did not inform the court as to the nature of the officers' anticipated testimony.

The jury acquitted appellant of the E-Z Mart robbery but convicted him of one count of aggravated robbery and theft of property in connection with the robbery of the Outback Steakhouse patrons. He was sentenced to serve fifteen years in the Arkansas Department of Correction.

 Appellant's sole argument on appeal is that the trial court erred in denying his motion for a continuance. We review the grant or denial of a motion for continuance under an abuse of discretion standard. *Smith v. State*, 352 Ark. 92, 98 S.W.3d 433 (2003). A defendant must also demonstrate that, as a result of the denial of the motion for a continuance, he suffered prejudice that amounts to a denial of justice. *Id.* Arkansas Rule of Criminal Procedure 27.3 provides that a trial court shall grant a continuance only upon a showing of good cause and shall take into account the request or consent of the prosecuting attorney or defense counsel, as well as the public interest in the prompt disposition of the case. Factors that must be considered by a trial court in granting or denying a motion for a continuance include: (1) the diligence of the movant; (2) the probable effect of the testimony at trial; (3) the likelihood of procuring the attendance of the witness in the event of a postponement. *Cherry v. State*, 347 Ark. 606, 66 S.W.3d 605 (2002).

Appellant's motion for a continuance was raised as follows:

DEFENSE COUNSEL: I'd call Detective Ronnie Smith.

COURT: Where is Detective Smith?

PROSECUTOR: We released him. I don't know if he was subpoenaed by the defense.

DEFENSE COUNSEL: They didn't tell me they released him.

PROSECUTOR: He can be contacted. We have a pager number for him.

DEFENSE COUNSEL: Well, could we take a break, your Honor?

COURT: No, move on, call your next witness.

DEFENSE COUNSEL: Well, your Honor, would we approach, then?

COURT: Sure.

[At the bench.]

Did you subpoena him?

DEFENSE COUNSEL: When the witness had been sworn in or they're brought to court and asked for the Rule and then they release witnesses without advising me.

COURT: That's your problem, I guess.

DEFENSE COUNSEL: That's my problem. Okay, well, just for the record note that I wasn't —

PROSECUTOR: I asked Ronnie Smith if he was —

DEFENSE COUNSEL: The only witnesses I've released I've advised them of. And they're telling me now they've — I guess I need to know which other witnesses they've turned away.

PROSECUTOR: Your Honor, I would just say for the record I asked Don, Mr. Thompson, who his witnesses were —

DEFENSE COUNSEL: Uh-huh.

PROSECUTOR: — and he told me who they were and it was not Ronnie Smith. Also —

DEFENSE COUNSEL: I did not subpoena Ronnie Smith, but you did.

COURT: Okay, I mean, it's done. Call your next witness.

DEFENSE COUNSEL: Well, which police officers are here that you didn't let go? Did you let them all go?

PROSECUTOR: *I didn't release him from the subpoena; I just told him we probably weren't going to call him and we got his pager number so he can be contacted.* Who do you want? I mean. . . .

DEFENSE COUNSEL: Ronnie Smith.

COURT: *You can get him, I guess.* Call your next witness.

DEFENSE COUNSEL: Well, shouldn't we take a break so I can go call him so we don't have to postpone him later?

COURT: We're moving on.

DEFENSE COUNSEL: Thank you for your ruling.

COURT: Okay.

[In open court.]

DEFENSE COUNSEL: Detective Pritchett.

PROSECUTOR: Your Honor, may we approach?

COURT: No, we don't need to approach. They're either here or they're not.

DEFENSE COUNSEL: They've been released? Detective Knowles.

BAILIFF: No response.

COURT: Okay, we'll take our afternoon break and we'll be back at ten after two.

(Emphasis added.)

Appellant argues that it was an abuse of discretion for the trial court to "summarily" deny his motion for a continuance when his attorney and the prosecutor were willing to take a break as needed to secure the witnesses' presence. He maintains that his

circumstances are similar to the defendant's in *Vann v. State*, 14 Ark. App. 1, 684 S.W.2d 265 (1985). In that case, we affirmed the denial of the defendant's motion for a continuance where the defense sought to call a witness under State subpoena, but allowed the witness to leave the courthouse briefly for a job interview. When the witness failed to return, the *Vann* defendant requested a continuance, but the trial court denied the request after a one-and-one-half hour delay in which the defendant was unable to reach the witness by telephone. Thus, appellant argues that there was no abuse of discretion in *Vann* but the trial court in that case held a hearing on the issue, heard argument from both parties, and performed the balancing test required. He asserts his case is distinguishable because the trial court "summarily" denied his motion.

■ We hold the trial court did not abuse its discretion in denying appellant's motion for a continuance. While the court initially denied the motion summarily, it thereafter entertained argument from both sides and ultimately, allowed appellant a short break. Moreover, appellant has not demonstrated that he was prejudiced by the trial court's ruling, where he failed to subpoena the witnesses, gave the court no indication that he had attempted to contact the witnesses, and failed to proffer their testimony. The fact that the officers were not present was due to appellant's own conduct.

■ Appellant maintains that because the witnesses were officers, it is "likely" that they could have been located "fairly quickly and at no expense to the government." He received a thirteen-minute break and, by his own assertion, could have contacted the officers or their headquarters "fairly quickly" to ascertain their whereabouts. Yet, when he returned from recess, he did not indicate that he had attempted to contact the officers or that he reserved the right to call them as witnesses at a later point. Therefore, he was granted all of the relief he requested and cannot now complain on appeal. *Ashlock v. State*, 64 Ark. App. 253, 983 S.W.2d 448 (1998).[1]

---

[1] We note that Arkansas Rule of Civil Procedure 45(d) provides that "Any person subpoenaed for examination at the trial or hearing shall remain in attendance *until excused by the party causing him to be subpoenaed, or, after giving testimony, by the court.*" (emphasis added).

■ Finally, appellant was not entitled to rely on the State's subpoena or witness list for his own defense because an accused is not entitled to rely on discovery as a substitute for his own investigation. *Smith v. State, supra; Rychtarik v. State,* 334 Ark. 492, 976 S.W.2d 374 (1998). The denial of the motion for a continuance was affirmed in *Vann v. State, supra,* even where the *Vann* defendant proffered testimony of the missing witnesses. Here, appellant concedes that he did not explain the substance of the officers' testimony.

■ Yet, because the jury acquitted him of the E–Z Mart robbery, he argues that it is impossible to know what the jury would have found with regard to the charges of which he was convicted if the jury had heard the officers' additional testimony. We agree that we do not know what the nature of the officers' testimony would have been because appellant failed to proffer it. However, for that precise reason, we would be required to speculate as to any prejudice resulting from the lack of the officers' testimony, and we do not speculate regarding what prejudice may have occurred. *King v. State,* 312 Ark. 89, 847 S.W.2d 837 (1993).

Affirmed.

VAUGHT, J., agrees.

CRABTREE, J., concurs.

Here, none of the officers subpoenaed by the State and called by appellant had testified. It follows that the State was authorized to release its own witnesses who had not testified.