# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3383

_____

United States of America,        *
        *
        Appellee,        *
        *    Appeal from the United States
     v.        *    District Court for the
        *    Western District of Missouri.
Levonne E. Dallas,        *
        *    [UNPUBLISHED]
        Appellant.        *

_____

Submitted: June 6, 2007
Filed: July 12, 2007

_____

Before RILEY, MAGILL and MELLOY, Circuit Judges.

_____

PER CURIAM.

Levonne Dallas pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, over Dallas's objection, the district court[1] applied a 4-level enhancement under U.S.S.G. § 2K2.1(b)(5) (2005), and sentenced him to 71 months in prison and 3 years of supervised release. He appeals, contesting the enhancement. Reviewing the district court's application of the Guidelines de novo and its factual findings for clear error, see United States v. Anderson, 339 F.3d 720, 724 (8th Cir. 2003), we affirm.

_____

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

The Guidelines provide for a 4-level enhancement if a felon-in-possession defendant such as Dallas "used or possessed any firearm or ammunition in connection with another felony offense," meaning any federal, state, or local offense that is punishable by at least one year in prison, whether or not a criminal charge was brought or a conviction obtained. See U.S.S.G. § 2K2.1(b)(5) & comment. (n.4) (2005).

The district court did not err in assessing the challenged enhancement: in the midst of a heated argument during which Dallas physically assaulted his girlfriend, he put a shotgun to her head. This constitutes a Missouri felony regardless whether the gun was loaded[2] and regardless of the state prosecutor's decision to allow Dallas to plead guilty to a reduced charge. See Mo. Rev. Stat. §§ 558.011.1(4), 571.030.1(4), 571.030.7 (2007) (person is guilty of Class D felony for unlawful use of firearm, punishable by up to 4 years in prison, if that person "exhibits, in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner"); United States v. Bryant, 349 F.3d 1093, 1098 (8th Cir. 2003) (even when charges for qualifying felonies were later dismissed, court may still apply § 2K2.1(b)(5)); State v. Lutjen, 661 S.W.2d 845, 847 (Mo. Ct. App. 1983) ("A gun is easily transformed into a lethal weapon by the insertion of bullets. [Section 571.030.1(4)] does not contemplate that the gun be already lethal [loaded], but only that the weapon can readily become lethal [by loading].").

Accordingly, we affirm.

_____

---

[2]Dallas's girlfriend told police that he had put the gun in her face, loaded it, then again pointed the gun in her face, causing her to plead with him not to shoot. Dallas told police that the gun was unloaded.