# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 06-3432

————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Rodney Maurice Raglin, | * | |
| | * | |
| Defendant - Appellant. | * | |

————————

Submitted:  June 11, 2007
Filed:  September 4, 2007

————————

Before LOKEN, Chief Judge, ARNOLD and COLLOTON, Circuit Judges.

————————

LOKEN, Chief Judge.

Rodney Raglin pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) after he pointed a loaded pistol at an undercover police officer standing on the sidewalk in front of his home.  He now appeals his 57-month sentence, arguing that the district court[1] erred in imposing a four-level enhancement for using the firearm "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5) (Nov. 2005), now § 2K2.1(b)(6).  See U.S.S.G. App. C, amendment 691. (We will refer to the provision by its new number.)  We affirm.

---

[1]The HONORABLE JAMES M. MOODY, United States district judge for the Eastern District of Arkansas

On the evening in question, Raglin parked behind his home and entered his front yard in a high-crime neighborhood of Little Rock, Arkansas. Raglin saw two men on the steep stairs leading up from the sidewalk to the short walk in front of his home. Raglin thought the men were selling drugs and might be gang members. In fact, they were undercover police officers posing as drug dealers. He yelled at the men to get off his property, which included the stairs. Without identifying themselves as police officers, the men walked down the stairs to the public sidewalk. One asked, "Is this cool, man?" Raglin responded, "Yeah, that's okay," and went into his house. Five or ten minutes later, Raglin came outside, pointed a pistol at one of the men still standing on the sidewalk, and yelled, "I told you to get the hell off my property." The other officer quickly identified the men as undercover officers, displayed his identification, and told Raglin to drop the gun. Raglin lowered the gun and ran into his house with it. Officers followed Raglin into the house, arrested him, and found a loaded pistol underneath a couch. He was charged with aggravated assault in state court, but that charge was dismissed after he was indicted on this federal charge.

The four-level enhancement is triggered by "any [other] federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year" and applies "regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1, comment. (n.14(C)); see United States v. Bryant, 349 F.3d 1093, 1098 (8th Cir. 2003). Aggravated assault is a Class D felony punishable by up to six years in prison. Ark. Code Ann. §§ 5-13-204(b), 5-4-401(a)(5). Raglin's plea agreement provided that this sentencing issue would be decided by the court. The record before the district court consisted of the officers' suppression hearing testimony, Raglin's admissions at the change-of-plea hearing, and the arguments of counsel at sentencing. The district court imposed the enhancement, finding by a preponderance of the evidence that Raglin committed aggravated assault by pointing a loaded pistol at the undercover officer when Raglin was not in any imminent threat of harm. See United States v. Pirani, 406 F.3d 543, 551 n.4 (8th Cir.) (en banc) (standard of proof), cert. denied, 546 U.S. 909 (2005).

On appeal, Raglin concedes that his conduct satisfied the elements of aggravated assault if no defense applied. "[T]he offense of aggravated assault was accomplished when appellant displayed the firearm and pointed it at the victim." Tarpley v. State, --- S.W.3d ----, 2006 WL 3616403 (Ark. App. 2006), citing Harris v. State, 35 S.W.3d 819, 823-24 (Ark. App. 2000).[2] But he argues that the district court's finding that he used the firearm in committing a felony was clearly erroneous because his conduct fell within a justification defense to aggravated assault under Arkansas law.

The government responds that, because the enhancement applies even if no state charge was brought or obtained, "it reasonably follows that it is not relevant if there may be some defense to the connected felony." This contention is without merit. The enhancement applies if the defendant used the firearm "in connection with another felony offense." When there is no prior conviction for that offense, the government must prove at sentencing (by a preponderance of the evidence) that the defendant committed it. Under Arkansas law, the State must prove each element of an offense. Ark. Code Ann. § 5-1-111(a)(1). When the defendant submits evidence supporting a defense, "any reasonable doubt on the issue requires that the defendant be acquitted." § 5-1-111(c). Indeed, whether circumstances negate a defendant's excuse or justification is an element of the offense. See Ark. Code Ann. § 5-1-102(5)(C); Anderson v. State, 108 S.W.3d 592, 605 (Ark. 2003). And the definition of aggravated assault expressly excludes "[a]ny person acting in self-defense or the defense of a third party." Ark. Code Ann. § 5-13-204(c)(2). Thus, when Raglin presented evidence arguably supporting self-defense or a justification defense to the charge of aggravated assault, the government had to negate that defense by a preponderance of the evidence for the § 2K2.1(b)(6) enhancement to apply.

_____

[2]As the district court noted, Raglin's motive may have been merely to scare drug dealers away. But under Arkansas law motive is irrelevant to a charge of aggravated assault. See Neely v. State, 711 S.W.2d 482, 484 (Ark. App. 1986) ("It is the conduct that must be undertaken purposefully, not the intended result.").

At sentencing, Raglin simply argued that "there are justification statutes throughout the Arkansas Criminal Code that permit a person to protect their property . . . in a manner that's reasonable under the circumstances." The district court understandably responded in equally general terms -- "just pointing a loaded gun at someone, unless they are clearly in an act of self-defense, which is repelling some immediate threat of harm to themselves or others, would be sufficient to convict under this [aggravated assault] statute." On appeal, Raglin points to specific provisions of the criminal code as establishing a defense to the charge of aggravated assault.

First, Raglin argues that he acted in self-defense within the meaning of § 5-13-204(c)(2). When Raglin pointed a loaded pistol at the officer, he used "deadly physical force," that is, the "threat of any bodily impact" that "is readily capable of causing death or serious physical injury." Ark. Code Ann. §§ 5-2-601(2), (6)(B). Deadly physical force may be used in self-defense only against a person who the defendant reasonably believes is:

(1) Committing or about to commit a felony involving force or violence;
(2) Using or about to use unlawful deadly physical force; or
(3)(A) Imminently endangering the person's life . . . .

Ark. Code Ann. § 5-2-607(a). Here, Raglin used deadly physical force against men who had obeyed his command to leave his property and who were simply loitering on the public sidewalk in front of his house. Though Raglin may have reasonably believed they were trying to sell drugs to passers-by, there is no evidence they were imminently endangering Raglin's life. Moreover, while Raglin may have been apprehensive because drug dealing often leads to violent crime, deadly physical force may not be used by a person who "knows that he or she can avoid the necessity of using deadly physical force with complete safety . . . [b]y retreating." § 5-2-607(b)(1). Here, Raglin retreated safely to his house after initially confronting the men and then

-4-

returned many minutes later, unprovoked, to threaten them with the use of deadly physical force. In these circumstances, the undisputed evidence negated self-defense.

Second, Raglin argues that his conduct was justified as permissible defense of his property within the purview of Ark. Code Ann. § 5-2-608. However, while that statute authorizes the use of nondeadly physical force to prevent a criminal trespass, it provides that deadly physical force may be used only if it is authorized by § 5-2-607, or if the defendant "reasonably believes the use of deadly physical force is necessary to prevent the commission of arson or burglary by a trespasser." Here, as we have explained, use of deadly physical force was not authorized by § 5-2-607. Nor did Raglin have any reason to believe that men who had quietly obeyed a command to leave his property would come back to commit arson or burglary.

Finally, Raglin argues that his conduct was justified to defend his home under Ark. Code Ann. § 5-2-620. By its terms, this statute applies only to defending persons or property "in the individual's home" or against loss from unlawful entry "into the home." § 5-2-620(a). Here, the men Raglin assaulted were not attempting to enter his home. The statute did not apply. See Hopes v. State, 742 S.W.2d 561, 564 (Ark. 1988).

For these reasons, a preponderance of the evidence supported the district court's finding that Raglin's use of deadly physical force was not justified. Therefore, he was guilty of the felony of aggravated assault under Arkansas law and the four-level enhancement under U.S.S.G. § 2K2.1(b)(5), now (b)(6), was properly imposed.

The judgment of the district court is affirmed.

_____