# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-3615

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Jason Dean Butters, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

———————

Submitted: February 25, 2009
Filed: March 3, 2009

———————

Before RILEY, SMITH, and BENTON, Circuit Judges.

———————

PER CURIAM.

Jason Butters (Butters) appeals the 120-month sentence the district court[1] imposed following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Specifically, Butters challenges the court's application of a 4-level enhancement for possessing a firearm in connection with another felony offense, see U.S.S.G. § 2K2.1(b)(6), arguing there was insufficient evidence he committed a robbery or drug offense.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

We initially note Butters failed to include in the record on appeal the grand jury testimony and police reports upon which he relies. See 8th Cir. R. 10A(a) (declaring an appellant must ensure all exhibits are submitted to the clerk no later than the filing of appellant's opening brief). Based on our review of the available record on appeal, we cannot find any indication the district court clearly erred in finding Butters possessed a firearm in connection with another felony offense. See United States v. Smith, 535 F.3d 883, 885 (8th Cir. 2008) (standard of review); United States v. Raglin, 500 F.3d 675, 677 (8th Cir. 2007) (explaining, when there is no prior conviction for a felony offense, the government must prove by a preponderance of evidence that the defendant committed such an offense); United States v. Hallam, 407 F.3d 942, 949 (8th Cir. 2005) (concluding the record supported the district court's finding under a preponderance standard that the defendant committed felony drug offenses where the police found drug paraphernalia associated with the manufacture and distribution of methamphetamine, four grams of methamphetamine, and $800 during a search of defendant's house; this evidence, along with statements by defendant's brother and another witness, supported the district court's finding).

We affirm.

_____