# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3118

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Benjamin Thomas, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 10, 2009
Filed: May 8, 2009

_____

Before LOKEN, Chief Judge, MELLOY and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Benjamin Thomas of possession of a firearm by a felon. **18 U.S.C. § 922(g)(1)**. At sentencing, the district court[1] applied a four-level enhancement under U.S.S.G. § 2K2.1(b)(6) for possessing the firearm in connection with another felony – burglary. Thomas appeals his conviction, claiming insufficiency of the evidence. He also appeals his sentence, arguing the district court should not have applied the § 2K2.1(b)(6) enhancement. Jurisdiction being proper under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), this court affirms.

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

Thomas, along with two others, Cameron Williams and Michael Leslie, drove to the apartment of an acquaintance with whom they had a dispute. Williams testified that Thomas was upset on the way there. Thomas was the first to approach the apartment, which shares a porch entrance with a separate apartment. Entering the porch, Thomas opened the door to the wrong apartment. The occupant testified that Thomas came into the apartment for about two seconds with a gun "in his right hand." Thomas held the gun "straight down at his side." Williams said, "wrong door." Thomas closed the door and started knocking on the other apartment's door.

The occupant called the police. When theyarrived, Williams and Leslie were walking away, while Thomas was knocking on the acquaintance's front door. The officers detained Williams and Leslie. When the officers approached Thomas, he "act[ed] like he was sleeping" on the porch floor. An officer testified that Thomas was wet with his own urine. Police located a revolver on the ground near the porch. Minutes later, in a line-up, the occupant identified Thomas as the armed intruder.

At trial, Williams testified that Thomas, an alcoholic at the time, was drunk on the night of the incident. An officer stated that Thomas had the odor of alcohol on him.

The presentence investigation report determined that Thomas's felon-in-possession-of-a-firearm offense resulted in an advisory guidelines range of 100 to 125 months imprisonment. The PSR recommended a four-level enhancement for possession in connection with a burglary. Thomas objected to the enhancement. The court stated:

> And I'm overruling that objection. And I find that the trial evidence
> establishes that the defendant had the intent to commit a burglary and

admittedly went to the wrong apartment, but I don't think that makes any difference, and I think he was angry and upset and had the necessary intent. So I think the four-level enhancement based on the trial testimony in this case is entirely consistent with my view of the evidence.

With the enhancement, the court determined an advisory range of 140 to 175 months. The court imposed a 120-month sentence, the statutory maximum for the offense.

II.

Thomas argues the district court erred in denying his motion for judgment of acquittal, claiming insufficiency of the evidence. A district court's denial of a motion for judgment of acquittal is reviewed de novo. *See* ***United States v. Harris***, 352 F.3d 362, 365 (8th Cir. 2003). This court views the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict. *See* ***United States v. Baker***, 98 F.3d 330, 338 (8th Cir. 1996). The court will reverse a jury's verdict only where "no reasonable jury could have found the [accused] guilty beyond a reasonable doubt." ***United States v. Harmon***, 194 F.3d 890, 892 (8th Cir. 1999).

Thomas claims the government did not establish that he possessed a firearm. At trial, the apartment occupant testified that Thomas possessed a firearm when entering the apartment. He also stated that he picked Thomas out of a line-up minutes after the intrusion. Thomas attacks the witness's credibility, but these attacks are unavailing. *See* ***United States v. Funchess***, 422 F.3d 698, 701 (8th Cir. 2005) ("We do not consider attacks on witnesses' credibility when we are evaluating an appeal based upon the sufficiency of the evidence."); ***United States v. Brown***, 422 F.3d 689, 692 (8th Cir. 2005) ("[W]e have long held that the jury is always the ultimate arbiter of a witness's credibility, and thus we will not disturb the jury's findings on appeal.")

(internal quotations omitted). This court concludes that the evidence supports the jury's conviction, and the district court properly denied Thomas's motion for judgment of acquittal.

## III.

Thomas argues that the court committed sentencing error by applying a four-level enhancement for burglary under U.S.S.G. § 2K2.1(b)(6).[2] This court reviews the district court's legal conclusions de novo, and its factual findings for clear error. *United States v. Anderson*, 339 F.3d 720, 724 (8th Cir. 2003). "A finding is 'clearly erroneous' when, after reviewing the entire evidence, the court is left with the firm conviction that a mistake has been made." *United States v. Marks*, 328 F.3d 1015, 1017 (8th Cir. 2003). "A district court's finding regarding a defendant's purpose in possessing a firearm is a finding of fact." *United States v. Harper*, 466 F.3d 634, 649 (8th Cir. 2006).

Thomas claims that the government failed to prove he committed a burglary. "When the proposed enhancement is based upon an offense for which there was no prior conviction . . . 'the government must prove at sentencing (by a preponderance of the evidence) that the defendant committed it.'" *United States v. Phillips*, 506 F.3d 685, 688 (8th Cir. 2007), *quoting* *United States v. Raglin*, 500 F.3d 675, 677 (8th Cir. 2007). Iowa Code § 713.1 defines burglary:

> Any person, having the intent to commit a felony, assault or theft therein, who, having no right, license or privilege to do so, enters an occupied structure, such occupied structure not being open to the public, or who remains therein after it is closed to the public or after the person's right

---

[2]"If the defendant used or possessed any firearm or ammunition in connection with another felony offense[,] . . . increase by 4 levels." **U.S.S.G. § 2K2.1(b)(6).**

license or privilege to be there has expired, or any person having such intent who breaks an occupied structure, commits burglary.

Thomas disputes that he "entered" the apartment. "Entry, in terms of the burglary statute, occurs when any part of the body enters an occupied structure." *State v. Keopasaeuth*, No. 99-1960, 2001 WL 1448601, at \*3 (Iowa Ct. App. Nov. 16, 2001) (unpublished), *citing* *State v. Nichols*, 572 N.W.2d 163, 164 (Iowa Ct. App. 1997). In this case, the occupant testified that Thomas had opened the door and "come into my apartment." The district court did not clearly err in finding that Thomas entered an occupied structure not open to the public.

Thomas asserts that he did not possess "the intent to commit a felony, assault or theft." The government argues that Thomas intended to commit an assault. "In order to sustain a conviction for burglary the State must prove . . . [the defendant] had formed the intent to commit an assault at the time of entry." *State v. Lambert*, 612 N.W.2d 810, 813 (Iowa 2000). "[T]he element of intent in burglary is seldom susceptible to proof by direct evidence," and is usually established by inference. *State v. Olson*, 373 N.W.2d 135, 136 (Iowa 1985). "Intent may be derived from actions preceding, or subsequent to, an accused's unauthorized entry, as well as all circumstances attendant thereto." *Lambert*, 612 N.W.2d at 813, *citing* *State v. Finnel*, 515 N.W.2d 41, 42 (Iowa 1994).

Iowa Code § 708.1 defines the crime of assault as when a person, without justification, "[i]ntentionally points any firearm toward another, or *displays in a threatening manner* any dangerous weapon toward another." **Iowa Code § 708.1(3)** (emphasis added). In *State v. Harris*, two renters had a disagreement with the defendant over the terms of a lease. No. 04-1238, 2005 WL 1397907, at \*1 (Iowa Ct. App. June 15, 2005) (unpublished). The next morning, the defendant locked the renters out of the building and remained inside with a rifle. When the renters approached, the defendant "appeared to be very angry," and "held the rifle at 'port

arms' or 'ready' position . . . with the right hand near the trigger and the left on the barrel of the gun." ***Id***. The court concluded that, "[a]lthough Harris did not point the weapon at [the renters], . . . the gun was displayed in a threatening manner at the time of the incident." ***Id***.; *see also* ***United States v. Anderson***, 339 F.3d 720, 725 (8th Cir. 2003) (concluding defendant "displayed his firearm in a threatening manner" based upon testimony that he was walking "with a gun in his hand" and "waving the gun").

In this case, Thomas was "upset" and entered the wrong apartment with a gun drawn and loaded. The occupant testified that he saw the barrel "out of the end of [the] right sleeve of his coat." While Thomas did not point the gun, it was in the ready position with his hand near the trigger. This court concludes that he committed assault by intentionally displaying a dangerous weapon in a threatening manner.

Thomas also claims the defense of voluntary intoxication. Voluntary intoxication is a defense to burglary if it prevents a person from forming the specific intent to commit a crime. *See* ***State v. Caldwell***, 385 N.W.2d 553, 557 (Iowa 1986). Thomas argues that the record demonstrates he did not form the requisite intent to commit burglary – Williams testified that he was drunk, there was alcohol on his breath, and the police found him lying down in his own urine. *See* ***United States v. Raglin***, 500 F.3d 675, 677 (8th Cir. 2007) ("[W]hen [the defendant] presented evidence arguably supporting a self-defense or a justification defense to the charge . . . the government had to negate that defense by a preponderance of the evidence . . . ."). The government established that Thomas armed himself, drove Williams and Leslie to the apartment, was the first to approach it, and immediately withdrew from the wrong apartment only to turn his attention to the correct door. Thomas also attempted to hide his conduct once police arrived, tossing the revolver off the porch and pretending to be asleep. The district court did not err in concluding that the

government negated Thomas's voluntary intoxication defense by a preponderance of the evidence.

The district court did not err in applying the § 2K2.1(b)(6) enhancement.

## IV.

The judgment of the district court is affirmed.

_____