# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3135

_____

United States of America,      *
     *
        Plaintiff – Appellee,      *
     *    Appeal from the United States
   v.      *    District Court for the
     *    Eastern District of Missouri.
Richard Earl Scott, Jr.,      *
     *    [UNPUBLISHED]
        Defendant – Appellant.      *

_____

Submitted: May 11, 2009
Filed: June 2, 2009

_____

Before WOLLMAN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Richard Earl Scott, Jr. pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court[1] applied a four level enhancement to Scott's offense level for possession of a firearm in connection with another felony offense. U.S.S.G. § 2K2.1(b)(6). The district court sentenced Scott to 46 months imprisonment. On appeal, Scott argues that the district court erred in applying the four level enhancement.

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

On March 15, 2007, the St. Louis Metropolitan Police Department arrested Scott as a passenger in a stolen vehicle. Scott admitted that a firearm found in the vehicle belonged to him and that he was aware the vehicle had been stolen. Scott was initially charged in Missouri state court with tampering in the first degree, a felony offense. He ultimately pled guilty to tampering in the second degree, a misdemeanor. At sentencing for his federal firearms charge, Scott contended that because he had not been convicted of a felony in state court, the four level enhancement should not apply. The district court overruled Scott's objection and found his total offense level was 17 and his criminal history level V, resulting in an advisory guideline range of 46 to 57 months. The district court sentenced Scott at the low end of the guideline range to 46 months.

The district court did not err in applying the challenged enhancement. The advisory guidelines provide for a four level enhancement if a felon in possession such as Scott "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2k2.1(b)(6). The other felony offense may have been any federal, state, or local offense, whether or not a criminal charge was brought or a conviction obtained. United States v. Bryant, 349 F.3d 1093, 1098 (8th Cir. 2003). At the time of Scott's arrest, he was in a vehicle he knew had been stolen. This qualified him for the disputed enhancement regardless of whether he pled guilty to the original charge. The record reflects that the district court committed no procedural error and imposed a reasonable sentence.

Accordingly, the judgment of the district court is affirmed.

_____