United States Court of Appeals

For the Eighth Circuit

_____

No. 22-3394

_____

United States of America

*Plaintiff - Appellee*

v.

Lamont Bailey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: September 19, 2023
Filed: November 3, 2023

_____

Before LOKEN, WOLLMAN, and BENTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

Lamont Bailey pleaded guilty to Possession of a Firearm by a Felon in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced him to 100 months imprisonment. Bailey appeals the sentence, arguing the court erred by increasing his

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

base offense level under USSG § 2K2.1(a)(2), based on two prior Illinois convictions for Delivery or Manufacture of Cocaine in violation of 720 ILCS 570/206(b)(4); and by applying a four-level increase under § 2K2.1(b)(6)(B) because he used a firearm in connection with another felony offense, Intimidation with a Dangerous Weapon in violation of Iowa Code § 708.6(2). We affirm.

# I. Background

On December 11, 2021, Bailey entered a smoke shop in Cedar Rapids, Iowa, carrying a pistol. Leaving the shop, Bailey encountered three individuals walking behind his car across the parking lot. Bailey drove out of the parking lot and stopped his car in front of property adjacent to the smoke shop. A few seconds later, one of the individuals began firing shots from about thirty yards away; the other two fled. Bailey exited his car and fired at least two shots. The other individual continued firing. Bailey got back in his car and drove away.

Bailey was charged with Possession of a Firearm by a Felon. He pleaded guilty. The district court accepted the plea in April 2022. In the Presentence Investigation Report (PSR), the United States Probation Office recommended an increased base offense level of 24 based on the two prior Illinois controlled substance offenses, and a four-level increase for use of a firearm in connection with the Iowa felony of Intimidation with a Dangerous Weapon. Baily objected to both increases. The district court overruled his objections.

# II. The Controlled Substance Offense Issue

Section 2K2.1(a)(2) of the Guidelines provides, as relevant here, that the base offense level for a federal felon-in-possession offense is 24 if the defendant committed the offense "subsequent to sustaining at least two felony convictions of . . . a controlled substance offense." Bailey concedes he has two Illinois convictions for

Manufacture or Delivery of Cocaine in violation of 720 ILCS 570/401(b)(4). He argues these convictions do not qualify as a "controlled substance offense" under § 2K2.1(a)(2) because the Illinois statute criminalizes substances not regulated by the federal Controlled Substances Act, namely, positional cocaine isomers. See 21 U.S.C. §§ 802(14), 812, sched. II(a)(4).

As the district court held, and as Bailey acknowledges in his Brief, we recently held that the term "controlled substance offense" as used in the advisory sentencing guidelines includes state-law offenses even if the state statute sweeps more broadly than the Controlled Substances Act. United States v. Henderson, 11 F.4th 713, 718 (8th Cir. 2021), cert. denied, 142 S. Ct. 1696 (2022). Bailey argues that "Henderson was wrongly decided and must be overruled." However, our panel is bound by prior panel decisions. See United States v. Gammell, 932 F.3d 1175, 1179 (8th Cir. 2019), cert. denied, 140 S. Ct. 2809 (2020), citing Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc). Accordingly, this argument must be submitted to the court en banc.

### III. The In-Connection-With-Another-Felony-Offense Issue

The advisory guidelines call for a four-level increase to the base offense level if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). At the sentencing hearing, the district court found by a preponderance of the evidence that Bailey used a firearm in "committ[ing] the crime of intimidation with a dangerous weapon and that [Bailey] was not justified in the use of force ."

In applying § 2K2.1(b)(6)(B), when the defendant has not been convicted of another state or federal felony offense, as in this case, "the district must find by a preponderance of the evidence that another felony offense was committed, and that use or possession of the firearm facilitated that other felony." United States v.

Boman, 873 F.3d 1035, 1043 (8th Cir. 2017) (quotation omitted). The government must prove that the defendant committed another felony offense "and it must negate an affirmative defense by a preponderance of the evidence." United States v. Mattox, 27 F.4th 668, 676 (2022), citing United States v. Raglin, 500 F.3d 675, 677 (8th Cir. 2007). We review the district court's finding that Bailey possessed a firearm in connection with another felony offense for clear error, and its application of the guidelines *de novo.* Id. (citation omitted).

The other felony offense at issue is Iowa Code § 708.6(2). Entitled Intimidation with a dangerous weapon, the statute provides as relevant here:

> A person commits a class "D" felony when the person shoots . . . or discharges a dangerous weapon . . . within an assembly of people, and thereby places the . . . people in reasonable apprehension of serious injury or threatens to commit such an act under circumstances raising a reasonable expectation that the threat will be carried out.

Bailey does not challenge the district court's finding that his conduct satisfied the elements of this offense. Rather, he contends the district court clearly erred in finding by a preponderance of the evidence that the government negated his claim that he fired his weapon in self-defense. The government concedes this is an affirmative defense to a § 708.6(2) charge under Iowa Code § 704.3: "A person is justified in the use of reasonable force when the person reasonably believes that such force is necessary to defend oneself or another from any actual or imminent use of unlawful force." "Reasonable force" is defined as:

> [T]hat force and no more which a reasonable person, in like circumstances, would judge to be necessary to prevent an injury or loss and can include deadly force if it is reasonable to believe that such force is necessary to avoid injury or risk to one's life or safety of the life or safety of another, or it is reasonable to believe that such force is necessary to avoid a like force or threat.

-4-

Iowa Code §704.1(1).

Based on video evidence -- the smoke shop's surveillance cameras -- and the testimony of a responding officer, the district court entered detailed findings of fact. The court found that "there's no hard evidence that [Bailey] was the target of the shooting," noting no evidence that bullets struck Bailey's car and Bailey's statement to police that he heard gunshots, "not that he saw somebody shooting at him." In any event, the court found, Bailey's car was in a place where he could easily have driven away, rather than exit the car and fire his own weapon. On appeal Bailey does not point to evidence contradicting these findings. After careful review, we conclude they are not clearly erroneous. A showing either that "[t]he Defendant did not believe he was in imminent danger of death or injury and the use of force was not necessary to save himself" or that "[t]he Defendant did not have reasonable grounds for the belief" defeats a justification defense under Iowa law. State v. Fordyce, 940 N.W.2d 419, 426 (Iowa 2020).

In his Reply Brief, responding to an argument in the government's Brief, Bailey argues he had no duty to retreat before resorting to the use of force because Iowa enacted a "stand-your-ground" exception to the duty to retreat in Iowa Code § 704.1(3), a 2017 amendment to § 704.1: "A person who is not engaged in illegal activity has no duty to retreat from any place where the person is lawfully present before using force as specified in this chapter." Bailey contends he is entitled to this stand-your-ground exception, despite being a felon in possession, because his illegal activity was not germane to his use of force against the person who was shooting at him. He argues the Supreme Court of Iowa left this issue open in applying § 704.1(3) in State v. Baltazar, 935 N.W.2d 862 (Iowa 2019). In Baltazar, the defendant, who had "armed himself with a handgun with the purpose to track down and confront [the victim]," argued "his possession of a handgun, legal or otherwise, is irrelevant to the justification issue." Id. at 871. The Supreme Court disagreed: "Even assuming the implied duty to retreat involves only illegal activities germane to the use of force,

-5-

Baltazar's possession of the handgun was directly related to the shooting death of Mercado." Thus, his "possession of the handgun was germane to the use of deadly force." Id.; see State v. Ellison, 985 N.W.2d 473, 478-79 (Iowa 2023).

We need not decide the stand-your-ground issue left open in Baltazar because applying the stand-your-ground limitation would not change the outcome in this case. The limitation does not modify the requirement that the reasonable-use-of-force justification defense only applies when a person "reasonably believes that such force is necessary to defend oneself or another from any actual or imminent use of unlawful force." Iowa Code § 704.3. Here, the district court found that Bailey did not have "reason to believe that somebody was actually shooting at him or endangering his life." Thus, even if Bailey had no duty to retreat, his use of force was not necessary to avoid injury or harm to himself (or to anyone else). See United States v. Robison, 759 F.3d 947, 950 (8th Cir. 2014); State v. Bedard, 668 N.W.2d 598, 600 (Iowa 2003). The district court did not clearly err in finding that Bailey possessed a firearm in connection with another felony offense.

The judgment of the district court is affirmed.

_____